This is an appeal from the judgment of the trial court in an action for divorce upon the ground of cruelty on the part of the offending spouse, the portion of the judgment which is assailed upon this appeal being that wherein the court undertook to award to the parties their respective and rightful proportions of the community property. The case is presented for review upon the judgment-roll, and it is practically conceded by the respective parties that the judgment in the respect in question is not in accord with the findings and therefore cannot stand.
The only serious dispute between the parties is as to the power and duty of this court in the premises. The appellant contends that in appeals of this character it is the proper function and only duty of the court to modify the judgment so as to make it conform to the findings in the case, and her counsel cites numerous cases showing that this has been the frequent practice of courts of last resort in appeals involving as their only issue the disagreement between the judgment and the findings in the case.
We can well understand that in many cases where the court has made a miscalculation as to the proper amount of a money judgment, or has been mistaken as to the law applicable to the facts as found, it would be the plain and simple duty of the appellate court to modify the judgment so as to correct the mistake or conform to the law of the case, but we do not understand or agree that the power of this court upon appeal is limited in this class of cases to that form of relief. The code provides that the supreme court of this state may "affirm, reverse or modify any judgment or order appealed from, and may direct the proper judgment or order to be entered, or direct a new trial or further proceedings to be had." (Code Civ. Proc., sec. 53.) The constitution, in the creation of the district courts of appeal, has expressly provided "that all statutes now in force allowing, providing for or regulating appeals to the supreme court, shall apply to appeals to the district court of appeal." (Const., art. VI, sec. 4.) Under the plenary grant of power with which this court has thus been invested we have no doubt as to our full authority to *Page 18 
either affirm or reverse or modify the judgment or order of the trial court in any case before us, and we are further satisfied from an inspection of the record of this case that it is a proper one for reversal and for remission to the lower court for a new trial. A comparison of the findings and judgment in the case made in the light of the express language and direction of section 146 of the Civil Code, defining the power and duty of the trial court in the matter of the proper division of community property in actions for divorce upon the ground of cruelty, leaves no doubt in our minds that the trial judge in this case either acted inadvertently in the adoption of the findings and determination of the proper judgment to be given thereon; or that he had other facts and circumstances in mind in rendering the judgment than those which the findings contain or the record discloses. In other words, it is impossible to reconcile this judgment with the findings upon the theory either of a miscalculation based upon the facts found or upon a mistake in the terms of the law. This being so, it is clearly the duty of this court to reverse this judgment and remand the case to the trial court for the correction by it upon a new trial of the manifest error in its findings or its judgment or both.
Judgment reversed and cause remanded for a new trial.
A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on January 18, 1915.