[Crim No. 5403. Fourth Dist., Div. One. Jan. 23, 1974.]

THE PEOPLE, Plaintiff and Respondent, v.
TOM KOZDEN, Defendant and Appellant.

**920**

COUNSEL

Charles R. Khoury, Jr., under appointment by the Court of Appeal, for Defendant and Appellant.

Robert G. Berrey, County Counsel, and Lloyd M. Harmon, Jr., Deputy County Counsel, for Plaintiff and Respondent.

OPINION

AULT, J.—Acting in propria persona, defendant Tom Kozden filed a notice of appeal from the trial court's memorandum decision which required him to pay the County of San Diego a part of the cost of his court-appointed attorney under Penal Code section 987.8. The decision is signed by the judge and filed in the action; its final paragraph is couched in terms of an order. We treat the appeal as being from the appealable judgment which was entered later. (Rules 1, 2 and 31, Cal. Rules of Court; *Martino* v. *Concord Community Hosp. Dist.*, 233 Cal.App.2d 51, 55-56 [43 Cal. Rptr. 255]; see gen. 6 Witkin, Cal. Procedure (2d ed. 1971) Appeal, §§ 69, 366, pp. 4083, 4339.)

On appeal Kozden challenges the constitutionality of Penal Code section 987.8 on various grounds. The issues raised in this aspect of the appeal are now before the California Supreme Court in *People* v. *Amor* (Crim. 17473). We conclude the appeal may be resolved without reference to constitutional issues because there is no substantial evidence to support the trial court's determination that Kozden possessed the *present ability* to pay the sum assessed, or any other sum.

Kozden and several others were jointly tried in the superior court on a criminal charge. Early in the proceedings (after an attorney had been appointed to represent Kozden, but before the actual trial began), the trial judge told the defendants they might be required to repay all or part of the cost of their court-appointed attorneys. After nearly eight weeks of trial, the court granted Kozden's motion for acquittal. By this time the County of San Diego had expended $3,865 for the services of his attorney.

The day after Kozden's acquittal, the court held a hearing to determine his "present ability" to repay all or part of the fees. Kozden's attorney argued against any assessment, both orally and by written points and authorities. By memorandum decision, filed December 18, 1972, the court ordered Kozden to reimburse the county in the sum of $600 payable at

the rate of $50 per month commencing January 20, 1972. Formal judgment was entered January 11, 1973.

The following undisputed facts were brought out at the hearing. Kozden is a healthy, alert and able young man in his early twenties who holds a B. A. degree from California Western University. He had completed one year of practice teaching but held no teaching credential. While in college, he worked part time as a youth counselor (for $2.65 per hour) and as a restaurant busboy (for $1.45 per hour). However, at the time of the hearing he was earning only $60 per month, $50 by working as a full-time teacher in the Ocean Beach Free School and $10 by selling the Ocean Beach Rag, a community newspaper. Having no dependents and no obligations, Kozden managed to survive on this meager income. He lived with five other people in a small house and contributed $50 per month toward the rent, utilities and cost of food. He used $10 per month to meet his personal needs. He owned no property. Kozden had lived in this manner for almost a year before the criminal charges involved here were initiated against him. The only welfare assistance he had ever received was a few bus tokens to use in search of employment.

On this evidence the trial court found Kozden had the "present ability" to pay the county $600 at the rate of $50 per month, interpreting the word "ability" as used in Penal Code section 987.8 to connote "potential, rather than an actual financial resource." Although willing to assume Kozden was already working full time at his teaching job, the court reasoned Kozden was capable of obtaining various kinds of employment, either within the teaching field or outside it, and pointed out he could earn the sum of $50 by working one day a week, or even one evening a week, at any number of part-time jobs which were available in the area.

Penal Code section 987.8 provides: "In any case in which a defendant is furnished counsel, either through the public defender or private counsel appointed by the court, upon conclusion of the criminal proceedings in the trial court, the court shall make a determination of the *present ability* of the defendant to pay all or a portion of the cost of counsel. If the court determines that the defendant has the *present ability* to pay all or part of the cost, it shall order him to pay the sum to the county in any installments and manner which it believes reasonable and compatible with his financial ability. Execution may be issued on the order in the same manner as on a judgment in a civil action. The order shall not be enforced by contempt." (Italics added.)

In arriving at the meaning of the words "present ability" as used in the

statute, we think it significant to note the word "present" did not find its way into the statute by accident. As originally framed in the Senate, the bill proposing the addition of the code section required only a determination of the defendant's "ability" to pay for his attorney. The modifying word "present" was inserted by amendment in the Assembly. (See Senate Bill No. 10, an act to add section 987.8 to Penal Code, as amended in the Assembly Aug. 11, 1971.)

■ Statutes must be given a reasonable interpretation, with due regard to the language used. ■ In ascertaining the legislative intent ". . . it is presumed that every word, phrase and provision employed in a statute was intended to have some meaning and to perform some useful office . . . ." (*Prager* v. *Isreal,* 15 Cal.2d 89, 93 [98 P.2d 729].) This rule of statutory construction applies with special force to words which are added by amendment. (See *Thomas* v. *Driscoll,* 42 Cal.App.2d 23, 28 [108 P.2d 43].)

■ In construing the word "ability" as used in Penal Code section 987.8 to mean "potential, rather than an actual financial resource," the trial court ignored the fact the Legislature deliberately inserted the modifying word "present" before the word "ability" in the two places the language is used in the statute. Moreover, in using the word "potential" the trial court injected a meaning wholly at odds with the word actually selected by the Legislature. Used as an adjective, the word "present" connotes *now, existing, at hand.* "Potential" suggests something to take place in the future, *possible but not yet realized, capable of being but not in existence, latent.* (American Heritage Dict. of the English Language (1969).)

Kozden, who owned no property and whose total income from full-time employment totaled $60 per month, was an indigent. He lacked the present ability to pay the county the sum of $600 toward the cost of his appointed attorney, in installments or otherwise. (Pen. Code, § 987.8.)

Kozden's choice of life-style may not have appealed to the trial court, but the fact remains he chose his way of life long before the People (mistakenly it turned out) elected to name him as a defendant in the criminal action. Until this happened, he managed to live on his meager income without governmental assistance. Nothing indicates he has engaged in a subterfuge to avoid paying for his court-appointed attorney. To enforce the trial court's order requiring him to do so under the circumstances of this case would indeed raise serious constitutional questions. That result need not follow because the plain language of the statute neither requires

nor permits the order to stand. ▮ We need not, and should not, decide constitutional issues when another ground of decision is available and dispositive of the case. (*People* v. *Gilbert,* 1 Cal.3d 475, 477, 481 [82 Cal.Rptr. 724, 462 P.2d 580]; *Palermo* v. *Stockton Theatres, Inc.,* 32 Cal.2d 53, 65-66 [195 P.2d 1].)

The judgment is reversed.

Brown (Gerald), P. J., and Cologne, J., concurred.