[Civ. No. 51456. Second Dist., Div. Three. Feb. 28, 1979.]

KAISER FOUNDATION HOSPITALS et al., Petitioners, v.
WORKERS' COMPENSATION APPEALS BOARD,
DAVID FUCHS et al., Respondents.

502

**COUNSEL**

Thelen, Marrin, Johnson & Bridges, James W. Baldwin, Robert W. Loeffler and W. Ernest Mooney for Petitioners.

Charles L. Swezey, Frank H. Batlin, Philip M. Miyamoto, Thomas J. McBirnie, William B. Donohoe, Dexter W. Young, Richard W. Younkin, LeMaire, Faunce & Katznelson, Steven N. Katznelson and Jeffrey L. Linnetz for Respondents.

---

## OPINION

COBEY, Acting P. J.—Petitioners Kaiser Foundation Hospitals and Southern California Permanente Medical Group (Kaiser) contend: (1) the respondent Workers' Compensation Appeals Board (WCAB) does not have the power under the doctrine of equitable apportionment to charge part of the injured worker's attorneys fee against Kaiser's lien filed pursuant to Labor Code sections 4600 and 4903 for medical services provided to such injured worker; (2) if the WCAB has such power it may not be exercised where there is no question of the industrial relationship of the injury; and (3) the manner in which the WCAB apportioned the attorneys fee is in error.

We agree only with Kaiser's third contention.

I

Respondent David Fuchs sustained injury to his heart arising out of and occurring in the course of his employment during the period April 13, 1955, to January 25, 1974, for respondent County of Los Angeles (County). County was insured for workers' compensation by respondent State Compensation Insurance Fund (State Fund) through June 30, 1969, and County was thereafter legally uninsured.

The industrial relationship of Fuchs' heart condition was initially denied by County and State Fund. Eventually, however, County and State Fund accepted the case on an industrial basis and provided Fuchs with workers' compensation benefits.

Kaiser provided medical services to Fuchs for his heart condition and filed a lien in the amount of $5,742.50 in the workers' compensation proceedings.

At the hearing before the workers' compensation judge on October 21, 1976, stipulations were made and issues framed by Fuchs, County and

State Fund. Kaiser did not appear at this hearing. At that hearing it was stipulated that all medical treatment had been furnished to Fuchs by either County or State Fund with the exception of the medical treatment obtained by Fuchs from Kaiser. In issue was County's and State Fund's liability for Fuchs' self-procured medical treatment and Kaiser's lien therefor.[1]

After subsequent hearings, a findings and award issued on March 14, 1977. Out of Fuchs' permanent disability award Fuchs' attorneys were awarded a fee of $4,000. As to Kaiser's lien, it was ordered paid in the full amount of $5,742.50 less the sum of $500 awarded to Fuchs' attorneys as a *separate* fee.

Kaiser then petitioned for reconsideration. This was the first time it had participated in the litigation in this matter other than filing its lien. The WCAB denied reconsideration.[2]

## II

■ The WCAB has the power to equitably apportion attorneys fees between Fuchs, the "active litigant," and Kaiser, the "passive beneficiary." (*Kaiser Foundation Hospitals* v. *Workers' Comp. Appeals Bd. (California School for the Deaf)* (1978) 83 Cal.App.3d 413 [148 Cal.Rptr. 54].) That industrial injury was admitted by County and State Fund does not necessarily preclude the equitable apportionment of attorneys fees. There may have been other defenses to Kaiser's lien. Further, as Kaiser did not actively participate in the litigation of Fuchs' workers' compensation claim, it was the efforts of Fuchs alone through his attorneys that resulted in the award from which the WCAB ordered Kaiser's lien to be

---

[1]The central issue in the case, however, appears to have been litigation between State Fund and County over each one's respective share of the liability. (See *State Compensation Insurance Fund* v. *W.C.A.B. (Fuchs)* 42 Cal.Comp.Cases 921.)

[2]In its "Opinion and Order Denying Reconsideration" the WCAB stated with respect to Kaiser's petition for reconsideration:

"From the Board's review of Kaiser's petition, it is apparent that the rationale of decisions [permitting the equitable apportionment of attorneys fees] is misconstrued by [Kaiser]. First, by requiring apportionment of [Fuchs'] attorney's fee, the Board is not reducing [Kaiser's] lien claim. The Board has merely avoided a windfall by requiring [Kaiser] to contribute to the cost of legal services whereby it was provided an opportunity to recover the amount of its lien. With respect to those services, [Kaiser] enjoys the status of a passive beneficiary. Accordingly equitable principles enunciated in *Quinn* [v. *State of California* (1975) 15 Cal.3d 162] require [Kaiser] to bear part of the cost of litigation, in which it was permitted recovery of the amount of its lien. Accordingly, the contentions of petitioner, Kaiser, are without merit."

paid. Absent Fuchs' efforts, Kaiser's lien may never have been paid. That there may have been no real dispute over Kaiser's lien goes not to the power of the WCAB to equitably apportion attorneys fees but rather to the amount of the attorneys fees that may be charged to Kaiser. (*Kaiser Foundation Hospitals* v. *Workers' Comp. Appeals Bd. (Brennan)* (1979) *ante,* p. 493 [154 Cal.Rptr. 760].)[3]

■ As the WCAB acknowledges, the proper method of apportioning attorneys fees is to first calculate the overall fee based upon the total services rendered and then to determine the amount to be allocated to Kaiser. While apportionment will often involve only a relatively simple proportional calculation, in apportioning the fee consideration is to be given to whether a disproportionate amount of the litigation involved only one party. (See *Quinn* v. *State of California* (1975) 15 Cal.3d 162, 175-176 [124 Cal.Rptr. 1, 539 P.2d 761].)

Here, the trial judge did not follow the proper procedure but erroneously treated separately the fee chargeable against Fuchs and that against Kaiser. The WCAB admits this but now for the first time asserts that in denying reconsideration it affirmed the fee awarded on the basis of the view that the overall attorneys fee of $4,500 with $500 allocated to Kaiser was appropriate and it did not accept the judge's method of assessing the fees. Unfortunately, when the WCAB denied reconsideration it did not state that as the basis of its decision.[4]

---

[3]Kaiser's lien herein was allowed in full and not reduced pursuant to the "Gregory formula" under Labor Code section 4903.1. (See *Kaiser Foundation Hospitals* v. *Workers' Comp. Appeals Bd. (Gregory)* (1978) 87 Cal.App.3d 336 [151 Cal.Rptr. 368].) Accordingly, we need not pass upon the propriety of the application of the doctrine of equitable apportionment of attorneys fees had Kaiser's lien been reduced under the "Gregory formula." (*Brennan, supra, ante,* at p. 499, fn. 9.)

[4]Nowhere in its "Opinion and Order Denying Reconsideration" did the WCAB explain how it determined the portion of the attorneys fee chargeable to Kaiser. This lends support to Kaiser's contention that the WCAB has no policy at all regarding what part of the injured worker's attorneys fee should be chargeable to a medical lien claimant but merely assesses the medical lien claimant with the same percentage of its recovery as it awards to the worker's attorney as his fee. This practice gives no consideration to the equitable principles discussed in *Quinn.* We observe that it was similar problems with the calculation of injured workers' attorneys fees that led the WCAB to adopt its "New Guidelines Fixing Attorneys' Fees" which became effective September 11, 1975, and which are contained in The Policy and Procedural Manual of the WCAB under Index 6.8.4 and to adopt section 10775 of its WCAB Rules of Practice and Procedure. (See *Morgan, Beauzay, Hammer, Ezgar, Bledsoe & Rucka* v. *Workers' Comp. Appeals Bd.* (1976) 59 Cal.App.3d 353 [130 Cal.Rptr. 661]; *Robert G. Beloud, Inc.* v. *Workers' Comp. Appeals Bd.* (1975) 50 Cal.App.3d 729 [123 Cal.Rptr. 750].) Undoubtedly, similar guidelines with respect to the proper allocation of a portion of the attorneys fees against

Pursuant to Labor Code section 5908.5 the WCAB in its written opinion on reconsideration must state the evidence relied upon and the reasons or grounds for the decision. (See *Goytia* v. *Workmen's Comp. App. Bd.* (1970) 1 Cal.3d 889, 893 [83 Cal.Rptr. 591, 464 P.2d 47]; *Granado* v. *Workmen's Comp. App. Bd.* (1968) 69 Cal.2d 399, 406 [71 Cal.Rptr. 678, 445 P.2d 294]; *Evans* v. *Workmen's Comp. App. Bd.* (1968) 68 Cal.2d 753, 755 [68 Cal.Rptr. 825, 441 P.2d 633].) To permit the WCAB to justify the calculation of the apportionment of the attorneys fee on a heretofore "secret" basis destroys the purpose of section 5908.5.[5] Accordingly, we decline to accept the WCAB's belated explanation.

## III

Accordingly, the opinion and order denying reconsideration of the WCAB is annulled with respect to the finding and award of the attorneys fee and the matter remanded to the WCAB for further proceedings consistent with this opinion.

Allport, J., and Potter, J., concurred.

A petition for a rehearing was denied March 29, 1979, and petitioners' application for a hearing by the Supreme Court was denied May 30, 1979.

---

medical lien claimants would be of assistance to workers' compensation judges and all concerned parties. Public rule-making hearings (see Lab. Code, § 5307) on this subject would enable all concerned parties (particularly the medical lien claimants) to assist the WCAB in formulating equitable rules regarding the apportionment of attorneys fees.

[5] Of course, the findings of the WCAB are to be construed liberally in favor of sustaining the award, and even if a finding, by itself, is inadequate for uncertainty it will still be upheld if it can be made certain by reference to the record. (*Mercer-Fraser Co.* v. *Industrial Acc. Com.* (1953) 40 Cal.2d. 102, 123-124 [251 P.2d 955]; see also *Rogers Materials Co.* v. *Ind. Acc. Com.* (1965) 63 Cal.2d 717, 721 [48 Cal.Rptr. 129, 408 P.2d 737].) Nevertheless, "it is essential that [the WCAB's findings] be sufficient in form and substance so that by reading them and referring to the record the parties can tell and this court can tell with reasonable certainty not only the theory upon which the [WCAB] has arrived at its ultimate finding and conclusion but that the [WCAB] has in truth found those facts which as a matter of law are essential to sustain its award." (*Mercer-Fraser Co.* v. *Industrial Acc. Com., supra,* 40 Cal.2d at p. 124.) The WCAB should in its opinion on reconsideration bridge the analytic gap between the raw evidence and the ultimate order, decision or award. (Cf. *Topanga Assn. For A Scenic Community* v. *County of Los Angeles* (1974) 11 Cal.3d 506, 515 [113 Cal.Rptr. 836, 522 P.2d 12].)