[Civ. No. 59130. Second Dist., Div. Three. Aug. 11, 1981.]

MICHELLE MARVIN, Plaintiff and Respondent, v.
LEE MARVIN, Defendant and Appellant.

**COUNSEL**

Goldman & Kagon, A. David Kagon, Charles D. Meyer, Mark Goldman and Berndt Lohr-Schmidt for Defendant and Appellant.

Marvin M. Mitchelson, Penelope Mercurio and Harold Rhoden for Plaintiff and Respondent.

## OPINION

COBEY, J.—Defendant, Lee Marvin, appeals from that portion of a judgment ordering him to pay to plaintiff, Michelle Marvin, the sum of $104,000, to be used by her primarily for her economic rehabilitation.

■ Defendant contends, among other things, that the challenged award is outside the issues of the case as framed by the pleadings of the parties (see Code Civ. Proc., § 588) and furthermore lacks any basis in equity or in law.[1] We agree and will therefore modify the judgment by deleting therefrom the challenged award.

### FACTS

This statement of facts is taken wholly from the findings of the trial court, which tried the case without a jury. The parties met in June 1964 and started living together occasionally in October of that year. They lived together almost continuously (except for business absences of his) from the spring of 1965 to May or June of 1970, when their cohabitation was ended at his insistence. This cohabitation was the result of an initial agreement between them to live together as unmarried persons so long as they both enjoyed their mutual companionship and affection.

More specifically, the parties to this lawsuit never agreed during their cohabitation that they would combine their efforts and earnings or would share equally in any property accumulated as a result of their efforts, whether individual or combined. They also never agreed during this period that plaintiff would relinquish her professional career as an entertainer and singer in order to devote her efforts full time to defendant as his companion and homemaker generally. Defendant did not agree during this period of cohabitation that he would provide all of plaintiff's financial needs and support for the rest of her life.

Furthermore, the trial court specifically found that: (1) defendant has never had any obligation to pay to plaintiff a reasonable sum as and

---

[1]Defendant challenges the constitutionality of the award on various grounds, but we will not reach the issues there raised because it is unnecessary to do so. (See *People* v. *Green* (1980) 27 Cal.3d 1, 50 [164 Cal.Rptr. 1, 609 P.2d 468]; *People* v. *Kozden* (1974) 36 Cal.App.3d 918, 123 [111 Cal.Rptr. 826].)

for her maintenance;[2] (2) plaintiff suffered no damage resulting from her relationship with defendant, including its termination and thus defendant did not become monetarily liable to plaintiff at all; (3) plaintiff actually benefited economically and socially from the cohabitation of the parties, including payment by defendant for goods and services for plaintiff's sole benefit in the approximate amount of $72,900, payment by defendant of the living expenses of the two of them of approximately $221,400, and other substantial specified gifts;[3] (4) a confidential and fiduciary relationship never existed between the parties with respect to property; (5) defendant was never unjustly enriched as a result of the relationship of the parties or of the services performed by plaintiff for him or for them; (6) defendant never acquired any property or money from plaintiff by any wrongful act.

The trial court specifically found in support of its challenged rehabilitation award that the market value of defendant's property at the time the parties separated exceeded $1 million, that plaintiff at the time of the trial of this case had been recently receiving unemployment insurance benefits, that it was doubtful that plaintiff could return to the career that she had enjoyed before the relationship of the parties commenced, namely, that of singer, that plaintiff was in need of rehabilitation—i.e., to learn new employable skills, that she should be able to accomplish such rehabilitation in two years and that the sum of $104,000 was not only necessary primarily for such rehabilitation, but also for her living expenses (including her debts) during this period of rehabilitation, and that defendant had the ability to pay this sum forthwith.

Moreover, the trial court concluded as a matter of law that inasmuch as defendant had terminated the relationship of the parties and plaintiff had no visible means of support, "in equity," she had a right to assistance by defendant until she could become self-supporting. The trial court explained that it fixed the award at the highest salary that the plaintiff had ever earned, namely, $1,000 a week for two years, although plaintiff's salary had been at that level for only two weeks and she ordinarily had earned less than one-half that amount weekly.

---

[2]The judgment under appeal tracks this finding in the following language: "Defendant never had, and does not now have, the duty and obligation to pay to plaintiff a reasonable sum as and for her support and maintenance."

[3]The trial court also found that "Defendant made a substantial financial effort to launch Plaintiff's career as a recording singer and to continue her career as a nightclub singer."

## DISCUSSION

### 1. *The challenged rehabilitation award is not within the issues framed by the pleadings.*

This is a judgment roll appeal in the sense that we have no transcript of the evidence taken at the apparently lengthy trial below. The issues in a lawsuit are, aside from those added by a pretrial order, either those framed by the pleadings or as expanded at trial. (See 4 Witkin, Cal. Procedure (2d ed. 1971) Trial, § 336, p. 3138.) Here, however, since we do not have before us the evidence taken at trial and there was no pretrial order expanding the issues, we can look only to the pleadings to determine the issues between the parties.

Plaintiff's amended complaint, upon which this action went to trial, asks, with respect to the support of plaintiff by defendant, only that defendant be ordered to pay to plaintiff a reasonable sum per month as and for her support and maintenance. Plaintiff did not ask in this basic pleading for any limited rehabilitative support of the type the trial court apparently on its own initiative subsequently awarded her. Consequently, the special findings of fact and conclusions of law in support of this award must be disregarded as not being within the issues framed by the pleadings. (See *Crescent Lumber Co.* v. *Larson* (1913) 166 Cal. 168, 171 [135 P. 502]; *Gardiana* v. *Small Claims Court* (1976) 59 Cal. App.3d 412, 421 [130 Cal.Rptr. 675].) When this is done, the challenged portion of the judgment becomes devoid of any support whatsoever and therefore must be deleted.

### 2. *In any event there is no equitable or legal basis for the challenged rehabilitative award.*

The trial court apparently based its rehabilitative award upon two footnotes in the opinion of our Supreme Court in this case. (*Marvin* v. *Marvin* (1976) 18 Cal.3d 660 [134 Cal.Rptr. 815, 557 P.2d 106].) These are footnotes 25 and 26, which respectively read as follows: "Our opinion does not preclude the evolution of additional equitable remedies to protect the expectations of the parties to a nonmarital relationship in cases in which existing remedies prove inadequate; the suitability of such remedies may be determined in later cases in light of the factual setting in which they arise." (*Id.* at p. 684.)

"We do not pass upon the question whether, in the absence of an express or implied contractual obligation, a party to a nonmarital relationship is entitled to support payments from the other party after the relationship terminates." (*Id.* at p. 685.)

There is no doubt that footnote 26 opens the door to a support award in appropriate circumstances. Likewise, under footnote 25, equitable remedies should be devised "to protect the expectations of the parties to a nonmarital relationship." The difficulty in applying either of these footnotes in the manner in which the trial court has done in this case is that, as already pointed out, the challenged limited rehabilitative award of the trial court is not within the issues of the case as framed by the pleadings and there is nothing in the trial court's findings to suggest that such an award is warranted to protect the expectations of *both* parties.

Quite to the contrary, as already noted, the trial court expressly found that plaintiff benefited economically and socially from her relationship with defendant and suffered no damage therefrom, even with respect to its termination. Furthermore, the trial court also expressly found that defendant never had any obligation to pay plaintiff a reasonable sum as and for her maintenance and that defendant had not been unjustly enriched by reason of the relationship or its termination and that defendant had never acquired anything of value from plaintiff by any wrongful act.

Furthermore, the special findings in support of the challenged rehabilitative award merely established plaintiff's need therefor and defendant's ability to respond to that need. This is not enough. The award, being nonconsensual in nature, must be supported by some recognized underlying obligation in law or in equity. A court of equity admittedly has broad powers, but it may not create totally new substantive rights under the guise of doing equity. (See *Rosenberg* v. *Lawrence* (1938) 10 Cal.2d 590, 594-595 [75 P.2d 1082]; *Lande* v. *Jurisich* (1943) 59 Cal.App.2d 613, 618 [139 P.2d 657].)

The trial court in its special conclusions of law addressed to this point attempted to state an underlying obligation by saying that plaintiff had a right to assistance from defendant until she became self-supporting. But this special conclusion obviously conflicts with the earlier, more general, finding of the court that defendant has never had and did not then have any obligation to provide plaintiff with a reasonable sum for

her support and maintenance and, in view of the already-mentioned findings of no damage (but benefit instead), no unjust enrichment and no wrongful act on the part of defendant with respect to either the relationship or its termination, it is clear that no basis whatsoever, either in equity or in law, exists for the challenged rehabilitative award. It therefore must be deleted from the judgment.[4]

### DISPOSITION

The judgment under appeal is modified by deleting therefrom the portion thereof under appeal, namely, the rehabilitative award of $104,000 to plaintiff, Michelle Marvin. As modified it is affirmed. Costs on appeal are awarded to defendant, Lee Marvin.

Potter, J., concurred.

**KLEIN, P. J.**—I dissent.

This case was tried by the court sitting without a jury over a three-month period, during which time presumably extensive evidence was taken. The trial court was able to evaluate the parties and witnesses as they appeared and gave testimony. However, since the record on this appeal consists only of the judgment roll rather than a reporter's transcript, we do not know the extent and nature of the evidence presented, or whether the issues as framed by the pleadings were expanded during the trial.

We do know that at the conclusion of the trial, the trial court awarded Michelle $104,000 pursuant to finding number 26 that: "Plaintiff is in need of funds to be used in the course of rehabilitation, so that she may re-educate herself and learn new employable skills....," and finding number 27 that: "The sum of $104,000.00 is necessary primarily for rehabilitation and also living expenses and debts to be paid during such rehabilitation."

In her first amended complaint, Michelle pled as follows: "That in order that Plaintiff would be able to devote her full time to Defendant

---

[4]We obviously disagree with our dissenting colleague regarding the clarity and consistency (with the judgment) of the trial court's special findings of fact and conclusions of law in support of the challenged rehabilitative award. There is no need to remand this case to the trial court for correction of these matters since the award itself is without support in either equity or law.

Marvin as a companion, homemaker, housekeeper and cook, it was further agreed that Plaintiff would give up her lucrative career as an entertainer/singer.

"That in return, Defendant Marvin would provide for all of Plaintiff's financial support and needs for the rest of her life."

Michelle prayed for "such other relief as this Court deems just and proper."

We are also made aware of the fact that Marvin was paying Michelle monies on a monthly basis after their separation pursuant to some kind of an "arrangement."

The trial court in its memorandum opinion recognizes that *Marvin* v. *Marvin* (1976) 18 Cal.3d 660 [134 Cal.Rptr. 815, 557 P.2d 106], "... urges the trial court to employ whatever equitable remedy may be proper under the circumstances."

*Marvin* v. *Marvin, supra,* at page 685, footnote 26, specifically states: "We do not pass upon the question whether, in the absence of an express or implied contractual obligation, a party to a nonmarital relationship is entitled to support payments from the other party after the relationship terminates."

In finding number 3, the trial court herein concludes: "The parties did not enter into any agreement to the following effect: That Plaintiff would give up any career which she might have had, whether as an entertainer/singer, or in any other calling, in order to enable Plaintiff to devote her full time to Defendant as a companion, homemaker, housekeeper and cook of Defendant," the contents of which finding was echoed in finding numbers 6 and 7. In finding number 18(c), the trial court found that the plaintiff did not in fact give up her career at the defendant's request in order to devote her full time and attention to defendant's personal needs.

In view of all the evidence that the trial court had before it, including the plaintiff's sex, age, earning ability and career status, the length of the relationship, and other circumstances of the factual setting, *Marvin* v. *Marvin, supra,* seems to say that the trial court was authorized by way of remedy to provide support payments from the other party after the relationship terminated, provided it also found some equitable right

to such a remedy. Apparently, this is what the trial court herein attempted to do in granting a support-type award for rehabilitation for a two-year period, which seemed to reinstate to some extent the prior "arrangement" the parties had.

However, it is the trial court's responsibility to provide findings of fact and conclusions of law which are consistent with the judgment in order that we may conduct proper appellate review. (*Spaulding* v. *Cameron* (1952) 38 Cal.2d 265, 270 [239 P.2d 625]; *Kaiser Foundation Hospitals* v. *Workers' Comp. Appeals Bd.* (*Fuchs*) (1979) 91 Cal. App.3d 501, 506, fn. 5 [154 Cal.Rptr. 765]; *Machado* v. *Machado* (1914) 26 Cal.App. 16, 18 [145 P. 738].)

Indeed, "'it is essential that [the trial court's findings of fact and conclusions of law] be sufficient in form and substance so that by reading them and referring to the record the parties can tell and this court can tell with reasonable certainty not only the theory upon which the [trial court] has arrived at its ultimate finding and conclusion but that the [trial court] has in truth found those facts which as a matter of law are essential to sustain its award.' (*Mercer-Fraser Co.* v. *Industrial Acc. Com.* [1953] 40 Cal.2d [102,] 124 [251 P.2d 955]." (*Kaiser Foundation Hospitals* v. *Workers' Comp. Appeals Bd.* (*Fuchs*), *supra*, 91 Cal. App.3d at p. 506, fn. 5.)

As "it is impossible to reconcile this judgment with the findings . . ., it is clearly the duty of this court to reverse this judgment and remand the case to the trial court for . . . correction . . . of the [inconsistencies] in its findings [and conclusions] or its judgment or both." (*Machado* v. *Machado, supra*, 26 Cal.App. 16, 18; 6 Witkin, Cal. Procedure (2d ed. 1971) Appeal, § 541, pp. 4482-4483.)

I would reverse the judgment and remand for further proceedings consistent with this dissent.

Respondent's petition for a hearing by the Supreme Court was denied October 7, 1981.