[No. D004312. Fourth Dist., Div. One. Apr. 24, 1986.]

JEFFRY B. SCHAFER, Petitioner, v.
THE SUPERIOR COURT OF SAN DIEGO COUNTY, Respondent;
BERRIE L. CHRISTOPHER, Real Party in Interest.

## COUNSEL

Mitchell, Ashworth, Keeney, Barry & Pike, Gerald L. Barry, Jr., and H. Brian Todd for Petitioner.

No appearance for Respondent.

Robert H. Basie for Real Party in Interest.

## OPINION

**LEWIS, J.**—We decide here that a *Marvin* cause of action (*Marvin* v. *Marvin* (1976) 18 Cal.3d 660 [134 Cal.Rptr. 815, 557 P.2d 106]) is not a family

law matter and should therefore not be processed in the superior court under the special family law rules.

Real party in interest here, Berrie L. Christopher, filed a *Marvin* complaint against petitioner Jeffry B. Schafer, alleging six causes of action arising out of her cohabitation with Schafer from September 16, 1984, to October 23, 1985, and based on theories of express and implied contract, accounting, constructive and resulting trust. She claimed an interest in alleged jointly accumulated assets of the parties during cohabitation, as well as a right to be supported by Schafer and have all her material needs provided for in the manner to which she grew accustomed because of the parties' relationship. She also requested injunctive relief, alleging an agreement to support her and her present destitution, being without the financial assets to pay rent, provide food, clothing or bare necessities of life. The prayer for relief requested an accounting, division of property, damages, and an injunction preventing Schafer "from terminating all reasonable support for Plaintiff for a reasonable period of time."

Two days after filing the above complaint, on March 12, 1986, Christopher, by ex parte application, without notice to Schafer or his counsel, obtained orders shortening time for the taking of Schafer's deposition, and for the hearing of an order to show cause why temporary support should not be awarded. The deposition was set for March 18, 1986; the pendente lite support hearing for March 20, 1986. These orders were served on Schafer on March 13, 1986; when he consulted counsel the next day, there remained only one business day before his deposition was to be taken.

The trial court denied Schafer's motion to vacate both orders. He then petitioned this court for a writ of mandate. We granted a temporary stay to review the matter.

After our stay order, the trial judge filed a written opinion giving reasons for the challenged rulings. Petitioner contends such opinion is void because jurisdiction now rests with this court. We accept the statement of decision, however, not as an affirmative attempt to enforce orders which we have stayed, but as a statement of reasons for the court's action, to aid our review.

The trial court's opinion gives these justifications for the above procedure. First, it says the transfer of civil *Marvin* actions to the domestic department of the court is a recent policy, but within the power of the presiding department of the superior court, which may properly decide which departments will hear which types of cases. Second, the court cites local rule 3.3(e) of the San Diego Superior Court domestic law and motion department

as permitting shortening of time to hold a hearing or to take a deposition, for good cause as shown in a declaration, up to a minimum of two days notice of a hearing or five days notice of a deposition. Additionally, the opinion says rule 3.3(c) permits such time-shortening orders to be obtained ex parte. The superior court opinion also relies on language authorizing the court, on motion, to shorten the time, in both Code of Civil Procedure section 1005 (15-day notice requirement for a hearing) and Code of Civil Procedure section 2019, subdivision (a)(1) (10 days notice of a deposition).

Further, the court states that the "good cause" supporting its orders is the allegation in Christopher's declaration she has no financial resources on which to live.

Although pointing out the court has not yet awarded any temporary support, and will not do so unless Christopher can establish "a prima facie showing that an agreement exists," the opinion goes on to say that in general the award of such pendente lite support is proper in a *Marvin* action, even though in a "strictly civil matter" no such order could be made.

Schafer argues the trial court's procedures place him at an enormous tactical disadvantage as compared with all other defendants in civil actions, with no legal justification for such hardship. He admits such procedures are authorized in family law matters, but points out such actions arise because of either a juristic relationship (marriage) or a blood relationship (parenthood), which relationships imply specific legal consequences, justifiably so. Here, he says, we have simply a civil action, like any other contract or quasi-contract matter, yet he as defendant is subject, with no legislative authority, to the same burdens as persons who have entered upon marriage relationships or parented children.

He points out that unlike rule 3.3(c), cited by the trial court, the local law and motion rules in civil matters confer no authority to shorten time for depositions and hearings. Although, as the trial court stated, Code of Civil Procedure section 2019, subdivision (a)(1) does confer authority to shorten time, Code of Civil Procedure section 2016, subdivision (a) requires a plaintiff to obtain leave of court, for good cause shown, to take a deposition within 20 days after service of the summons or petition on the defendant. Such good cause is defined in Code of Civil Procedure section 2036, subdivision (a) as "specific facts justifying discovery and [showing] that the matter is relevant to the subject matter of the action or reasonably calculated to lead to the discovery of admissible evidence." Here, in contrast, Christopher has obtained leave to take a deposition on five days notice, simply on an ex parte showing of her financial need.

Schafer also points out California Rules of Court, rule 379, forbids applications for ex parte orders unless there has been notice to the opposing party or his attorney, or a good faith attempt to do so. Here, under the local family law rules, Christopher obtained her orders with no notice.

## DISCUSSION

We do not normally review by extraordinary writ the superior court's management of its law and motion calendars. Here, however, we are concerned that a basically well-intentioned desire to "do equity" has subjected a litigant to responsibilities and burdens not sanctioned by any law. Further, the superior court opinion implies a continuing policy of treating as family law matters that category of lawsuits described as "not strictly civil."

■ We know of no category of action labeled "not strictly civil." Whatever else they may be, *Marvin* causes of action are civil actions. The Supreme Court plainly defined such actions as civil actions based on contract theory. The court explicitly said such actions are not family law matters: "The provisions of the Family Law Act do not govern the distribution of property acquired during a nonmarital relationship; . . . ." (*Marvin v. Marvin, supra,* 18 Cal.3d at p. 665.) The opinion further says there is no evidence that the Family Law Act was ever intended to regulate property rights of nonmarital partners, and the rights of such partners, if any, derive from express or implied contract or equitable principles. (*Marvin v. Marvin, supra,* 18 Cal.3d at p. 682.) Accordingly, the court said it did not extend such plaintiffs the same rights as the Family Law Act grants valid or putative spouses; rather, their status is that of plaintiffs in contract actions. (*Id.,* at p. 684, fn. 24.)

Further, the *Marvin* court noted a possible legislative restriction on giving marital rights to nonmarital partners, namely, the legislative abolition of common law marriage in California in 1895. (*Id.,* at p. 684, fn. 24, citing *Norman v. Thomson* (1898) 121 Cal. 620, 628 [54 P. 143]; *Estate of Abate* (1958) 166 Cal.App.2d 282, 292 [333 P.2d 200].)

The Legislature has provided broad rights and expeditious remedies for enforcing support obligations based on marital or parental relationships. *Marvin* expressly says these rights are not available in nonfamily law proceedings. In such situations, the rights of the parties must rest on contract principles, unless or until the Legislature sees fit to provide nonmarital partners special rights and remedies. *Marvin* does hold, and is best known for its holding that the mere fact of nonmarital cohabitation does not destroy the parties' rights to recover from one another in accordance with their legitimate contractual rights and expectations. However, even as the non-

marital cohabitation does not erode the parties' contract rights, neither does such cohabitation confer on them any special privilege over and above those of any other civil litigants.[1]

Since *Marvin,* two appellate cases, one of them the sequel to the *Marvin* case itself, have considered, and reversed, trial court orders granting support to nonmarital partners on implied contract theories. (*Marvin* v. *Marvin* (1981) 122 Cal.App.3d 871, 876 [176 Cal.Rptr. 555]; *Taylor* v. *Polackwich* (1983) 145 Cal.App.3d 1014, 1021 [194 Cal.Rptr. 8].) No case has granted support in such situation.

Certainly, we do not conclude that a nonmarital partner will never establish a right to support based on implied contract. It is clear, however, that unlike the situation in family law matters, there has been no routine awarding of support in *Marvin* cases.

The trial court opinion refers to the recent decision in *Thomas B.* v. *Superior Court* (1985) 175 Cal.App.3d 255 [220 Cal.Rptr. 577]. That case holds (1) a prima facie showing of paternity, though not a conclusive adjudication, suffices as a temporary support basis, and (2) income tax disclosure cannot be compelled before a conclusive adjudication of paternity. That case, however, does not support what was done here. The court there predicated pendente lite support on the statutory obligation of parental support, as imposed and defined in many statutes, some of which are cited in the opinion. (*Id.,* at p. 262, fn. 8.) As we have already stated, the Legislature has concluded that specific burdens attend upon the assumption of the married state or the parenting of children, and these burdens include being held liable for pendente lite support even before conclusive adjudication of entitlement takes place. No such burdens have been imposed on ordinary contracting parties.

The cases cited above declining to award support—the second decision in *Marvin, supra,* and the *Taylor* v. *Polackwich, supra,* decision, both caution that remedies may be fashioned only to enforce rights, not to meet one party's needs or broadly "do equity" in a given situation. (See *Marvin* v. *Marvin, supra,* 122 Cal.App.3d at p. 876; *Taylor* v. *Polackwich, supra,* 145 Cal.App.3d at p. 1021.) Both decisions say that in a *Marvin*

---

[1]Other decisions also hold the Family Law Act does not apply to a nonmarital relationship. (*In re Marriage of Buford* (1984) 155 Cal.App.3d 74, 79 [202 Cal.Rptr. 20] [husband's claims against wife's separate property and alleged rights growing out of their premarital cohabitation cannot be raised in a family law action; a separate civil lawsuit must be filed, which, however, may be consolidated with the family law action]; *In re Marriage of Johnson* (1983) 143 Cal.App.3d 57, 63 [191 Cal.Rptr. 545]; *Harrod* v. *Pacific Southwest Airlines* (1981) 118 Cal.App.3d 155, 157, fn. 1 [173 Cal.Rptr. 68] [dictum].)

situation, the mere showing of the plaintiff's need and the defendant's ability to meet that need are insufficient to justify awarding support. It follows that such declarations of need and ability to pay are likewise insufficient to invoke the panoply of family law remedies in a *Marvin* matter.

Schafer has cited a number of cases articulating the principles governing issuance of preliminary injunctions in civil matters. ■ These decisions establish the unavailability of such relief except in the absence of other adequate remedies; the necessity to show irreparable injury, and the need to demonstrate reasonable probability of success on the merits as a prerequisite to issuing a preliminary injunction. (See, e.g., *Continental Baking Co.* v. *Katz* (1968) 68 Cal.2d 512, 528 [67 Cal.Rptr. 761, 439 P.2d 889]; *Voorhies* v. *Greene* (1983) 139 Cal.App.3d 989, 995 [189 Cal.Rptr. 132]; *Jessen* v. *Keystone Savings & Loan Assn.* (1983) 142 Cal.App.3d 454, 459 [191 Cal.Rptr. 104].) ■ Schafer also points out the low probability Christopher will be entitled to the relief she seeks, a preliminary injunction in a civil matter. He points out the relief sought here—supporting the indigent plaintiff during trial—is virtually unheard of in civil actions generally. However, as he admits, that issue is not strictly before us at this time; we deal here solely with the trial court's imposition of a family law procedure upon a civil litigant. ■ In light, however, of our obligation to "furnish firm, clearly defined, objective guidelines for trial court application," (*Hurtado* v. *Statewide Home Loan Co.* (1985) 167 Cal.App.3d 1019, 1022 [213 Cal.Rptr. 712]), we think it salutary at least to note the relevance of legal principles governing issuance of preliminary injunctions to Christopher's request for support pending trial.

■ We do not address the policy of the San Diego Superior Court to process pretrial matters in *Marvin* cases in the domestic law and motion department rather than in the civil law and motion department. Our responsibility begins and ends with ensuring even-handed treatment of all similarly situated civil litigants in the superior court. Our Supreme Court has said that a *Marvin* matter is not a family law matter. We know of no other "special" category of civil lawsuits applicable to such cases. Accordingly, *Marvin* plaintiffs shall be treated like other civil plaintiffs, regardless of which department shall hear their cases, and they shall follow the same rules, and have the same rights, as litigants in contract cases generally. What rights they may have to support during trial shall derive not from the Family Law Act but from contract law; and their remedies shall depend on the general principles governing the issuance of preliminary injunctions and related prejudgment relief.

Let a writ of mandate issue ordering the superior court to vacate its orders shortening time, made on March 12, 1986, and confirmed by written state-

ment of decision dated March 24, 1986, and instead to hear this case according to the procedural rules applicable to civil litigants generally.

Staniforth, Acting P. J., and Work, J., concurred.