Filed 11/26/13  P. v. Mendoza CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Tehama)

----

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>IGNACIO MORFIN MENDOZA,<br><br>    Defendant and Appellant. | C072048<br><br>(Super. Ct. No. NCR83340) |

Sentenced to state prison pursuant to a plea bargain, defendant Ignacio Morfin Mendoza contends that the drug program fee imposed by the trial court must be stricken because there is no evidence he can pay it.  The People reply that the contention is forfeited for failure to raise it below.  Our Supreme Court has now resolved this issue against defendant.  (*People v. McCullough* (2013) 56 Cal.4th 589 (*McCullough*).)  We shall affirm.

**FACTUAL AND PROCEDURAL BACKGROUND**

An information charged defendant with selling methamphetamine (counts I, II; Health & Saf. Code, § 11379, subd. (a)) and marijuana (count III; Health & Saf. Code,

1

§ 11360, subd. (a).)  It was alleged as to all counts that defendant had two strikes (Pen. Code, §§ 667, subds. (b)-(i), 1170.12) and had served a prior prison term (Pen. Code, § 667.5, subd. (b)).

Defendant thereafter pleaded guilty to count I and admitted the strikes in return for dismissal of the remaining counts and the prior prison term allegation, as well as the charges in a trailing case.  According to the police report, which was stipulated to contain a factual basis for the plea, on October 6, 2011, a confidential informant gave defendant $40 and received 0.4 gram of methamphetamine; later in the day the informant gave defendant another $40 and received 0.7 gram of methamphetamine.

At sentencing, the trial court struck one strike and sentenced defendant to a state prison term of eight years (four years, the upper term, on count I, doubled for the remaining strike).  The court also imposed various fines and fees, including $100 pursuant to Health and Safety Code section 11372.7, subdivision (a).  Defendant did not object to that fine.

## DISCUSSION

Relying on *People v. Pacheco* (2010) 187 Cal.App.4th 1392, 1399 (*Pacheco*), defendant contends the drug program fee must be stricken, despite his failure to object to the fee, because the trial court did not find that he had the ability to pay it as required by Health and Safety Code section 11372.7, subdivision (b), and the record contains no evidence to support such a finding.[1]  Defendant acknowledges that this court held to the contrary in *People v. McCullough* (2011) 193 Cal.App.4th 864, 867-871, review granted June 29, 2011, S192513 (jail booking fee), reasoning that when a defendant fails to object

---

[1] Defendant also cites *People v. Nilsen* (1988) 199 Cal.App.3d 344, 347 and *People v. Kozden* (1974) 36 Cal.App.3d 918, 920.  Those decisions are inapposite because the defendants' abilities to pay the fines or fees in question were litigated in the trial court. (*Nilsen*, *supra*, at pp. 347-350; *Kozden*, *supra*, at pp. 920-921.)

2

to the imposition of a fine or fee at sentencing, any claim of error, including a claim of insufficient evidence of ability to pay, is forfeited on appeal.

In *McCullough*, *supra*, 56 Cal.4th at pages 599-600, the Supreme Court affirmed our decision and disapproved *Pacheco*, *supra*, 187 Cal.App.4th 1392 to the extent it held otherwise. The court held that the forfeiture rule of *People v. Scott* (1994) 9 Cal.4th 331 and *People v. Welch* (1993) 5 Cal.4th 228 applies to the failure to challenge any fee imposed at sentencing under a statute which does not specify procedural requirements or guidelines to determine a defendant's ability to pay. (*McCullough*, *supra*, at pp. 594, 598-599.) Health and Safety Code section 11372.7, like the jail booking fee at issue in *McCullough*, does not specify such procedural requirements or guidelines.

*McCullough*, *supra*, 56 Cal.4th 589 compels the conclusion that defendant's challenge to the drug program fee is forfeited.

## DISPOSITION

The judgment is affirmed.

<u>       RAYE       </u>, P. J.

We concur:

<u>   NICHOLSON   </u>, J.

<u>   MURRAY    </u>, J.