Filed 9/2/14  P. v. Potts CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE, | C071922, C072227 |
| Plaintiff and Respondent, | (Super. Ct. Nos. SCR83473, SCR87040) |
| v. | |
| JERAD MARSHALL POTTS, | |
| Defendant and Appellant. | |

Defendant pleaded guilty to assault with tear gas in Butte County case No. SCR83473 (Pen. Code, § 22810, subd. (g)(1))[1] and no contest to disobeying a restraining order in Butte County case No. SCR87040 (§ 273.6).  In exchange for defendant's plea, the People agreed to dismiss any remaining charges along with a misdemeanor charge pending in Butte County case No. SCR84227.

---

[1]  Undesignated section references are to the Penal Code.

1

After reviewing the probation report and hearing argument from counsel, the trial court sentenced defendant to three years in state prison; however, the trial court stayed execution of that sentence, ordering defendant to serve three years of felony probation and 360 days in county jail.  The trial court also awarded defendant 199 days of custody credit and imposed fines and fees totaling $2,846.  Included in those fees were a $164 per month probation supervision fee, a probation report preparation fee of $736, and $420 for the services of the public defender.  Defendant did not object to the fees imposed.

Defendant now contends there is insufficient evidence to support the trial court's finding he had the ability to pay those fees.  The People argue defendant has forfeited his arguments by not objecting in the trial court.  Except for defendant's contention regarding reimbursement of attorney fees, we agree defendant forfeited his arguments by not objecting in the trial court.

The right to appellate review of a nonjurisdictional sentencing issue is forfeited by failing to raise the issue in the trial court.  (*People v. Gonzalez* (2003) 31 Cal.4th 745, 751-755; *People v. Scott* (1994) 9 Cal.4th 331, 356.)  This rule of forfeiture has repeatedly been applied to appellate challenges of a fine or fee, including challenges based on insufficiency of the evidence.  (*People v. McCullough* (2013) 56 Cal.4th 589, 597-598; *People v. Crittle* (2007) 154 Cal.App.4th 368, 371; *People v. Valtakis* (2003) 105 Cal.App.4th 1066, 1069-1072; *People v. Hodges* (1999) 70 Cal.App.4th 1348, 1357; *People v. Gibson* (1994) 27 Cal.App.4th 1466, 1468-1469.)  Defendant therefore forfeited his right to appeal those fees that are not attorney fees.

Regarding the order for attorney fees, we agree with the court in *People v. Viray* (2005) 134 Cal.App.4th 1186 (*Viray*) that a forfeiture cannot "properly be predicated on the failure of [defense counsel] to challenge an order concerning his own fees" given the "patent conflict of interest" (*id.* at p. 1215, italics omitted).

"In any case in which a defendant is provided legal assistance . . . , upon conclusion of the criminal proceedings in the trial court . . . , the court may, after notice

2

and a hearing, make a determination of the present ability of the defendant to pay all or a portion of the cost thereof.  The court may, in its discretion, hold one such additional hearing within six months of the conclusion of the criminal proceedings.  The court may, in its discretion, order the defendant to appear before a county officer designated by the court to make an inquiry into the ability of the defendant to pay all or a portion of the legal assistance provided."  (§ 987.8, subd. (b).)

Section 987.8, subdivision (g)(2) defines " '[a]bility to pay' " as "the overall capability of the defendant to reimburse the costs, or a portion of the costs, of the legal assistance provided to him or her, and shall include, but not be limited to, all of the following:

"(A) The defendant's present financial position.

"(B) The defendant's reasonably discernible future financial position. In no event shall the court consider a period of more than six months from the date of the hearing for purposes of determining the defendant's reasonably discernible future financial position. Unless the court finds unusual circumstances, a defendant sentenced to state prison shall be determined not to have a reasonably discernible future financial ability to reimburse the costs of his or her defense.

"(C) The likelihood that the defendant shall be able to obtain employment within a six-month period from the date of the hearing.

"(D) Any other factor or factors which may bear upon the defendant's financial capability to reimburse the county for the costs of the legal assistance provided to the defendant."

A determination that a defendant has the ability to pay must be made before the defendant can be ordered to pay attorney fees.  (§ 987.8, subd. (e).)  While such a finding may be implied, the order cannot be upheld on review unless it is supported by substantial evidence.  (*People v. Nilsen* (1988) 199 Cal.App.3d 344, 347; *People v. Kozden* (1974) 36 Cal.App.3d 918, 920.)

3

We review for substantial evidence a trial court's order requiring a defendant to pay the costs of his or her public defender. (*Viray*, *supra*, 134 Cal.App.4th at p. 1217.) Where a court fails to hold the proper hearing or make the necessary finding of ability to pay, the preferred solution is to remand the case for a new hearing on the matter. (*People v. Flores* (2003) 30 Cal.4th 1059, 1068-1069; *People v. Prescott* (2013) 213 Cal.App.4th 1473, 1476; *People v. Verduzco* (2012) 210 Cal.App.4th 1406, 1420-1421.)

Here, defendant was not given proper notice that his ability to pay attorney fees would be determined at sentencing. Defendant was given notice prior to the appointment of counsel that he might be liable for attorney fees after judgment was rendered. The People suggest this is sufficient notice. Such notice, however, is a separate statutory requirement, distinct from notice of the hearing on a defendant's ability to pay attorney fees that occurs "upon conclusion of the criminal proceedings." (§ 987.8, subd. (b); see *id*. at subd. (f).)

The probation report also did not provide defendant with sufficient notice that his ability to pay attorney fees would be determined at sentencing. In *People v. Phillips* (1994) 25 Cal.App.4th 62, the Court of Appeal found a probation report "which included in its recommendations 'Attorney Fees if appropriate' " was sufficient notice that the defendant's ability to pay attorney fees would be determined at sentencing (*id.* at p. 74). Here, however, the probation report makes no mention of attorney fees. Rather, the report indicates only that defendant "should have the ability to pay fines and fees as ordered by the Court."

Moreover, the record does not show that defendant was given an opportunity to challenge the amount of reimbursement ordered, and there is no evidence in the record supporting that amount. The trial court simply ordered defendant to pay $420 in attorney fees. As in *Viray*, then, the amount of the reimbursement order here "is entirely unsupported by evidence" and has been "allowed without opposition." (*Viray*, *supra*,

134 Cal.App.4th at p. 1217.)  Therefore, we must reverse the order and remand this matter to the trial court.  (See *id*. at pp. 1217-1219.)

## DISPOSITION

The order to pay attorney fees is reversed and the matter is remanded for notice and hearing under section 987.8, subdivision (b).  In all other respects, the judgment is affirmed.  The trial court is directed to amend the abstract of judgment to reflect the resolution of this matter and to send a certified copy thereof to the Department of Corrections and Rehabilitation reflecting the resolution of this matter.


      RAYE      , P. J.

We concur:


     MAURO     , J.


     DUARTE     , J.