[Civ. Nos. 60295, 58629. Second Dist., Div. Four. Feb. 16, 1983.]

RICHARD C. VOORHIES et al., Plaintiffs and Respondents, v.
ROOSEVELT BROWNE GREENE et al., Defendants and Appellants.

**COUNSEL**

Macdonald, Halsted & Laybourne, Orville A. Armstrong and Michael K. Maher for Defendants and Appellants.

Calfas, Williams & Walsh, Lawrence D. Williams, Richard C. Aldrich, R. Brian Kramer, Hillsinger & Costanzo, Gary L. Green and Arthur D. Deckleman for Plaintiffs and Respondents.

## OPINION

**WISOT, J.**\*—This case concerns the deterioration of a law corporation and, in litigation, tests the limits of both aggressive advocacy and judicial temperance.

### STATEMENT OF FACTS

In July 1972, Richard C. Voorhies and Roosevelt Browne Greene became associated in the practice of law. A personal and professional friendship thereafter resulted in the formation of a law partnership. The firm grew, and apparently flourished; other attorneys appearing herein as defendants and appellants became members of the firm. In May 1976, the law firm was incorporated, thereafter became licensed and undertook to practice as a professional law corporation. The corporation, Voorhies, Greene, O'Reilly & Agnew, developed a substantial practice in litigation matters under the name Voorhies, Greene, O'Reilly, Agnew & Broillet.

The corporation and each attorney shareholder entered into a stock purchase agreement and an employment agreement. Plaintiff-respondent Voorhies executed an employment agreement on July 12, 1976, by signing the agreement and by initialing each page of its various recitals. Among other concerns, this employment agreement provided a variety of circumstances for its termination, including the determination of at least two-thirds vote by the board of directors of the corporation. In addition, the employment agreement provided a valuation method for the attorney-shareholder interest for work in process and for the transfer of client files in the event of termination.

Soon after formation of this law corporation, the firm relocated to newly acquired premises and embarked upon a remodeling of the building to suit the various needs of the attorneys. Title to the building was taken by respondent Voorhies and his wife as community property as to an undivided one-half interest, and by appellant Greene and his wife as community property to another undivided one-half interest. Occupation of the building was taken by the law corporation as lessee under a lease agreement. The use of these premises is the principal subject of concern in the injunction under review.

From the record before us, it is a considerable understatement to indicate that a lack of harmony developed among some of the shareholders of this law corporation. Personal differences were compounded into professional disagreements affecting the management of the office and the handling of client matters. On November 19, 1979, a special meeting of the board of directors of the corporation was apparently attended by respondent Voorhies as well as appellants

---

*Assigned by the Chairperson of the Judicial Council.

Greene, O'Reilly, and Agnew. As a result of the vote of directors at that meeting, the employment of respondent Voorhies by the corporation was terminated.

Notice was then given respondent Voorhies that the corporation was exercising its option to purchase all shares of stock owned by him, pursuant to the stock purchase agreements previously executed. Further, Voorhies was advised that the corporation would proceed under provisions of the employment agreement to provide deferred compensation and other benefits. Voorhies was asked to immediately transfer all client files and contacts to the corporation. Finally, Voorhies was advised that he would not be permitted access to any of the corporation's client files without an appropriate substitution of counsel, nor would he be permitted access to the offices for any purpose other than removal of his personal belongings after business hours. As of December 11, 1979, the locks to the offices had been changed; respondent Voorhies was locked out.

### PROCEDURAL POSTURE OF THE CASE

On December 13, 1979, plaintiffs-respondents Voorhies filed their complaint in the within action, alleging deceit, fraud, malpractice of accountants and attorneys, breach of fiduciary duty, and slander, and seeking rescission for stock fraud, involuntary dissolution of the corporation, injunctive relief and termination of the lease. On that same date, the superior court issued its order to show cause and temporary restraining order. Although Voorhies had requested that the temporary restraining order direct that he be maintained as an employee of the corporation and continue to maintain an office for himself and for his secretary, that provision of the requested order was stricken. Voorhies remained locked out.

On January 14, 1980, January 15, January 18, January 21, January 23, January 30, and February 5, the matter came on for hearings pursuant to various motions filed. The trial court repeatedly urged referral to arbitration; all parties seemed to accede. With no agreement forthcoming, however, on February 6, 1980, the trial court issued the injunction here under review. Among other things, the injunction provided Voorhies with access and use of the office premises, and maintained his status as an employee of the corporation. Other provisions directed that Voorhies have available the corporate accounting books and records, client case files, and otherwise reinstated all conditions of the employment agreement. This injunction was stayed seven days, and confirmed by an order signed February 8, 1980.

On February 11, 1980, defendants-appellants filed their notice of appeal. Defendants further moved forward in the trial court with demurrers to the complaint. Plaintiff responded by noticing an order to show cause re contempt.

Meeting and raising the ante, appellants filed with this court their petition for writ of supersedeas and request for temporary stay, on February 20, 1980. On February 21, this court issued its order staying all provisions of the preliminary injunction and allowing opposition to be filed to the petition for writ of supersedeas. Still, Voorhies remained out.

On June 3, 1980, having considered the petition for a writ of supersedeas and the opposition filed thereto, this court issued its stay order directed to certain portions of the injunction but authorizing modification by the trial court for certain delineated purposes. Access to the building and continued employment by the corporation were among the provisions stayed by this court. A "Motion for Clarification" filed by plaintiffs-respondents was denied by this court on July 14, 1980.

On October 30, 1980, the trial court issued its order of implementation of stay order of June 3, 1980, directing certain cash payments from defendants to plaintiffs during the pendency of the action. Further, the order of October 30 directed that plaintiff have access to the corporate books and records, provided for the transfer of files and documents relating to client matters and otherwise provided certain limitations on the conduct of the corporation.

On November 20, 1980, appellants filed in this court their "Appellants' Suggestion of Mootness and Motion to Dismiss Appeal on Grounds of Mootness." Of course, an opposition brief was filed by plaintiffs-respondents. On December 12, 1980, this court issued its order denying the motion to dismiss. Appellants and respondents thereafter filed their respective briefs directed to the merits of the injunction and the matter was thereafter calendared for oral argument.

On February 7, 1983, one day before this matter was to be argued, appellants filed a "Motion to Augment Record or, in the Alternative, to Produce Additional Evidence."[1] We have denied that motion.

## STANDARD OF REVIEW

■ The general rule applicable to review of a preliminary injunction is stated in *Continental Baking Co* v. *Katz* (1968) 68 Cal.2d 512, 527 [67

---

[1]The motion informed us, for the first time, that the underlying litigation had been settled by the parties on March 5, 1981, except that the apparent settlement agreement has become a matter of further dispute. We are asked to note correspondence to the trial court by a party and by counsel which continued the already well established pattern of name-calling, accusations, and differences concerning the meaning of "agreements" entered upon in the presence of the trial court. We note that in the event a true settlement of this matter had been achieved, then the conduct of counsel in failing to bring that disposition to our attention raises the unfortunate spectre of sanctions in the administration of the appellate process.

Cal.Rptr. 761, 439 P.2d 889]: " 'The authorities are numerous and uniform to the effect that the granting or denial of a preliminary injunction on a verified complaint, together with oral testimony or affidavits, even though the evidence with respect to the absolute right therefor may be conflicting, rests in the sound discretion of the trial court, and that the order may not be interfered with on appeal, except for an abuse of discretion.' [Citation.] Discretion is abused in the legal sense 'whenever it may be fairly said that in its exercise the court in a given case exceeded the bounds of reason or contravened the uncontradicted evidence.' [Citations.]" It is not for this court to substitute its judgment for that of the trial court.

However, on appeal this court must review the trial court's exercise of discretion in the light of standards appropriate for the granting of an injunction. ■ " 'The granting or denial of a preliminary injunction does not amount to an adjudication of the ultimate rights in controversy. It merely determines that the court, balancing the respective equities of the parties, concludes that, pending a trial on the merits, the defendant should or that he should not be restrained from exercising the right claimed by him.' [Citations.] The general purpose of such an injunction is the preservation of the status quo until a final determination of the merits of the action. [Citations.] Thus, the court examines all of the material before it in order to consider 'whether a greater injury will result to the defendant from granting the injunction than to the plaintiff from refusing it; . . .' [Citations.] In making that determination the court will consider the probability of the plaintiff's ultimately prevailing in the case and, it has been said, will deny a preliminary injunction unless there is a reasonable probability that plaintiff will be successful in the assertion of his rights. [Citations.]" (*Continental Baking Co.* v. *Katz, supra,* 68 Cal.2d at p. 528.)

■ The stay orders of this court issued in connection with the petition for supersedeas do not alter this standard of review. These orders reflect no determination of the merits of the injunction; they are designed only to maintain the status quo during pendency of the appeal. Status quo "has been defined to mean 'the last actual peaceable, uncontested status which preceded the pending controversy.' " (*United Railroads* v. *Superior Court* (1916) 172 Cal. 80, 87 [155 P. 463].) From the record before this court on petition for supersedeas, as well as that before the trial court on the motion for injunction, it clearly appears that the only actual peaceable period of activity in several years has been since plaintiff-respondent Voorhies has been locked out. This, of course, is not to say he was properly terminated from employment. That determination remains for a later resolution, and is not decided by either the injunction or the stay ordered by this court. (*Continental Baking Co.* v. *Katz, supra,* 68 Cal.2d 512.)

The authority for this court to issue its stay order, similar in effect to the writ of supersedeas, is recognized by statute and decisional law. (Code Civ. Proc.,

§ 923; see *People* ex rel. *S. F. Bay etc. Com.* v. *Town of Emeryville* (1968) 69 Cal.2d 533 [72 Cal.Rptr. 790, 446 P.2d 790].)

## DISCUSSION

We now apply the standard of review to determine whether the trial court appropriately exercised its discretion in granting the injunction. As already stated, the trial court was responsible for balancing the injury resulting to the defendant if the injunction were granted, as against the injury suffered by the plaintiff if it was refused. To issue the injunction, there must be a reasonable probability that the plaintiff will be successful in his assertion that he was wrongfully locked out and denied continued employment and participation with the law corporation. (*People* v. *Pacific Land Research Co.* (1977) 20 Cal.3d 10, 21 [141 Cal.Rptr. 20, 569 P.2d 125].)

In *San Antonio Water Co.* v. *Bodenhamer* (1901) 133 Cal. 248 [65 P. 471], the plaintiff was a corporation supplying water for domestic use and for irrigation. The water was developed on land in the possession of defendants, who claimed to be using it pursuant to a contract between the parties for water development. Plaintiff filed a complaint alleging that after several years of pumping water, using plaintiff's engine and machinery, defendant had now forcefully prevented plaintiff from access to the well. An injunction issued and a motion to dissolve the injunction was denied. ■ The Supreme Court reversed, saying: " '[A]s a general rule, courts of equity will not interfere by preliminary injunctions to change the possession of real property, the title being in dispute'; nor is it a proper remedy for recovering possession of personal property. [Citations.]" (*San Antonio Water Co.* v. *Bodenhamer, supra,* 133 Cal. at p. 251.)

■ The facts before us are similar in their legal effect. Respondent Voorhies had alleged in his complaint the dispossession from property owned by him; he sought termination of the lease agreement under which the law corporation held possession; he further sought access to equipment and the return of client files claimed to be his personal property. Further, respondent Charlaine Voorhies alleged in the complaint that she had never consented to the incorporation of the law partnership, and that she had never joined as a lessor of her community property interest in the building. Clearly, these allegations indicated that defendants were in possession of the property, both personal and real, under disputed title. In responding declarations, appellants asserted that the relationships between the parties were determined by contractual agreement, the employment agreement. "[T]he court may, in proper cases, interfere 'by way of interlocutory injunction to restrain the violation of contracts,' when necessary for the protection of the legal right and the prevention of irreparable mischief, and this, in some cases, may involve a change of the actual posses-

sion. [Citation.]" (*Id.*, at p. 252.) As in the *San Antonio Water* case, where the declarations before the trial court clearly indicated an attempt by the parties to anticipate by contract a breakdown in the work relationship, it is sufficient that appellants are in possession, under the terms of the contract, for the purposes of the law corporation, and asserting, in good faith, the right to possession as necessary for those purposes. "What the rights of the parties may be on the completion or other termination of the contract is immaterial to the questions presented on this appeal, which must be determined by the provisions of the existing contract." (*Id.*, at p. 253.)

Further, the contractual agreement to value services of a terminated shareholder of this law corporation renders injunctive relief inappropriate. Although respondents urge that it will be impossible to determine the precise amount of damage suffered from appellants' conduct if not restrained, the difficulty of determining damages is not a sufficient basis for injunctive relief. " 'Damages for breach of contract by way of lost profit are also difficult to ascertain. There are many situations where damages are hard to prove and are uncertain. Nevertheless, they can be and are awarded.' [Citation.]" (*Thayer Plymouth Center, Inc.* v. *Chrysler Motors Corp.* (1967) 255 Cal.App.2d 300, 307 [63 Cal.Rptr. 148].)

In *Thayer,* an automobile dealer sued the manufacturer for specific performance of the dealership contract. The order granting a preliminary injunction was reversed. Finding in that case that the plaintiff would probably not prevail in seeking specific performance, the court recognized an independent basis for vacating the preliminary injunction in that damages afford an adequate remedy at law. (*Thayer, supra,* at p. 306.)

It is of no critical significance in the facts before us that respondent Voorhies did not seek specific performance of his employment agreement, but instead sought dissolution of the law corporation based on fraud. Without the benefits of contract protection, Voorhies' status with the law firm would be nothing more than that of an "at will" employee. ■ The fact that he owned a substantial portion of the stock of the challenged corporation would have no effect on that "at will" status. "An employee who acquires stock in his employer does not ipso facto gain any greater right to his employment or protection against discharge than the employee who owns no stock." (*Becket* v. *Welton Becket & Associates* (1974) 39 Cal.App.3d 815, 822 [114 Cal.Rptr. 531].)

■ It clearly appears, therefore, that injunctive relief would not be granted to Voorhies on the mere allegations of wrongful discharge from employment. Since it appears there is an adequate remedy at law if the contract provisions be invoked, and because an injunction should not issue to transfer possession of real or personal property held under an ostensibly extant contract, no basis for

injunctive relief exists to restore plaintiff-respondent Voorhies to possession or use of the premises, equipment or client files.

Other provisions of the injunction are not in dispute. Those provisions directing access to the corporate books and records, and directing continuing corporate business only as was the normal course prior to termination of respondent Voorhies, and other provisions subsumed in the trial court's order of October 30, 1980, may remain in effect as appropriate injunctive relief.

The order granting the preliminary injunction of February 6, 1980, is reversed insofar as it directs Voorhies' access to the office and client files of the corporation, continued employment by the corporation and participation in corporate management (pars. 1, 2, 3 and 7 of the injunction signed Feb. 8, 1980). In all other respects the order granting the injunction is affirmed. The petition for writ of supersedeas is dismissed, the issues raised therein now being moot.

Kingsley, Acting P. J., and Amerian, J., concurred.