[No. C039756. Third Dist. May 28, 2003.]

VICKI SIMMS et al., Plaintiffs and Appellants, v.
NPCK ENTERPRISES, INC., et al., Defendants and Respondents.

**COUNSEL**

Philip H. Weber for Plaintiffs and Appellants.

Gerald W. Filice for Defendants and Respondents.

## OPINION

**MORRISON, J.**—Plaintiffs, Vicki Simms and Kenneth Simms, appeal from orders in which the trial court found they had waived the right to arbitrate their dispute over a commercial lease and that defendant NPCK Enterprises, Inc. (NPCK), was entitled to an injunction requiring plaintiffs to relinquish fixtures and equipment in which NPCK had a security interest.[1] NPCK moves for sanctions for a frivolous appeal.

We reverse. Although plaintiffs filed suit for damages and sought a preliminary injunction, substantial evidence does not support a finding of waiver of arbitration as there is no evidence defendants were prejudiced by plaintiffs' inconsistent actions and delay in seeking arbitration. The appropriate prejudgment remedy to recover possession of personal property is a writ of possession under the claim and delivery law, not an injunction. Since we find merit in plaintiffs' appeal, we award no sanctions.

### FACTUAL AND PROCEDURAL BACKGROUND

On March 1, 1998, plaintiffs, doing business as Grandpa's Brand Food, leased property in Somerset, California, from NPCK for a restaurant, deli, and meat market. The lease provided that plaintiffs granted NPCK a security interest in trade fixtures and equipment as security for the faithful performance of the lease. Plaintiffs purchased certain equipment from NPCK pursuant to a conditional sale agreement. The lease gave plaintiffs a right of first refusal on any sale of the lease site and surrounding property. The lease had an arbitration clause: "Lessor and lessee agree to binding arbitration on any and all disputes that they are not able [to] resolve themselves."

On August 30, 2001, plaintiffs filed suit against defendants, NPCK, Paul Kargl, Norm Kargl, and Nelma Kargl. The complaint alleged plaintiffs notified defendants that the roof leaked and defendants promised to fix it, but failed to do so. While defendants expended considerable sums on the convenience store they operated, they spent nothing to comply with their maintenance obligations under the lease. Defendants told plaintiffs that if they did not purchase the property on defendants' terms, they would be evicted. Since then, defendants embarked on a course of conduct to force plaintiffs out of business and off the premises. Defendants failed to make repairs to the leased property, made false accusations against plaintiffs to local officials about unhealthful conditions and illegal animal slaughtering, falsely disparaged plaintiffs' food, unreasonably refused requests for improvements, told building officials plaintiffs were not authorized to receive

---

[1]Both an order denying a petition to compel arbitration and an order granting an injunction are appealable orders. (Code Civ. Proc., §§ 1294, subd. (a), 904.1, subd. (a)(6).)

building permits, intimidated plaintiffs and their employees, failed to paint the exterior of the building, overcharged for electricity, maintained improper sewer and septic systems, and wrongfully instituted eviction proceedings. Plaintiffs attempted to mitigate their damages by withholding rent since May 1, 2001.

The complaint sought damages under theories of breach of contract, breach of the implied covenant of good faith and fair dealing, breach of the implied covenant of habitability, breach of the implied covenant of fitness for a particular purpose, intentional interference with prospective business advantage, abuse of process, specific performance of the first refusal clause in the lease, and declaratory relief.

The last cause of action was a request for an order compelling arbitration. Plaintiffs alleged they made a formal demand for arbitration and defendants refused to agree to arbitration. Defendants had filed an unlawful detainer action against plaintiffs. In that action the court determined all disputes relating to the lease must be submitted to arbitration. Defendants dismissed that action, intentionally circumventing the order for arbitration. Plaintiffs requested the court order all causes of action be submitted to binding arbitration and that the court appoint an arbitrator.

On September 14, 2001, plaintiffs sought a temporary restraining order to prevent defendants from demolishing a structure plaintiffs had built on the property. The temporary restraining order issued, but two weeks later the court denied a preliminary injunction and dissolved the temporary restraining order.

On October 10, 2001, defendants filed an ex parte application for an order compelling plaintiffs to relinquish all fixtures and equipment pursuant to defendants' security interest. In a supporting declaration, counsel stated that when the shed was demolished two sheriffs deputies were present. Defendants, as secured creditors, wanted to repossess two meat-smoking units. The deputies did not want defendants to attempt the repossession, fearing a breach of the peace, and told defendants to obtain a court order. Plaintiffs removed the meat smokers to another location, but there remained other fixtures defendants wanted to repossess.

The ex parte application was also supported by a declaration of Norm Kargl, that had been filed in opposition to plaintiffs' application for the temporary restraining order. Kargl stated plaintiffs had enclosed a walkway without permission or obtaining building permits. Plaintiffs carried on an illegal meat processing business. The El Dorado County Environmental

Management Department issued a cease and desist order, but plaintiffs continued. Plaintiffs failed to pay rent for five months, refused to provide evidence of insurance, and Kenneth Simms threatened Kargl's son with a pipe.

A temporary restraining order not to dispose of fixtures or equipment issued the next day and the matter was set for a hearing.

The following day, defendants filed an answer to plaintiffs' complaint and a cross-complaint, seeking rescission of the lease, damages for breach of contract and fraud, and an injunction so defendants could repossess fixtures and equipment.

In opposition to the motion for repossession, plaintiffs asserted the dispute was subject to arbitration, and the remedy for repossession under a security agreement was a writ of possession and defendants had not complied with the requirements for such a writ.

After a tentative ruling in favor of defendants, plaintiffs requested oral argument. Plaintiffs argued the ruling served as a summary judgment on the cross-complaint and the dispute was subject to arbitration. The court found plaintiffs waived arbitration by filing suit and seeking an injunction without moving to stay the proceedings. The court agreed a bond should be required. Defendants argued for no undertaking or one of only $5,500. Plaintiffs wanted an undertaking of $100,000, claiming seizure of the equipment would put their restaurant out of business. The court ordered a bond of $15,000.

Plaintiffs appealed from these orders.

Defendants posted the bond and the court ordered plaintiffs to relinquish all fixtures and equipment.

DISCUSSION

I

Plaintiffs contend the court erred in finding they waived arbitration. They argue their lawsuit requested arbitration and seeking an ancillary remedy of a temporary restraining order to preserve the status quo does not waive arbitration.

California has a detailed statutory scheme regulating private arbitration. (Code Civ. Proc., § 1280 et seq.) "Through this detailed statutory

scheme, the Legislature has expressed a 'strong public policy in favor of arbitration as a speedy and relatively inexpensive means of dispute resolution.' [Citations.]" (*Moncharsh v. Heily & Blase* (1992) 3 Cal.4th 1, 9 [10 Cal.Rptr.2d 183, 832 P.2d 899].)

A trial court shall refuse to compel arbitration if it determines that the right to compel arbitration has been waived. (Code Civ. Proc., § 1281.2, subd. (a).) There is no single test to determine whether arbitration has been waived; the determination is a question of fact. ▪ A finding of waiver is binding on an appellate court if it is supported by substantial evidence. (*Engalla v. Permanente Medical Group, Inc.* (1997) 15 Cal.4th 951, 983 [64 Cal.Rptr.2d 843, 938 P.2d 903].) ▪ The facts, however, must be viewed in light of the strong policy favoring arbitration and a party claiming waiver has a heavy burden. (*Thorup v. Dean Witter Reynolds, Inc.* (1986) 180 Cal.App.3d 228, 234 [225 Cal.Rptr. 521].)

"In determining waiver, a court can consider '(1) whether the party's actions are inconsistent with the right to arbitrate; (2) whether "the litigation machinery has been substantially invoked" and the parties "were well into preparation of a lawsuit" before the party notified the opposing party of an intent to arbitrate; (3) whether a party either requested arbitration enforcement close to the trial date or delayed for a long period before seeking a stay; (4) whether a defendant seeking arbitration filed a counterclaim without asking for a stay of the proceedings; (5) "whether important intervening steps [e.g., taking advantage of judicial discovery procedures not available in arbitration] had taken place"; and (6) whether the delay "affected, misled, or prejudiced" the opposing party. [Citations.]' [Citation.]" (*Sobremonte v. Superior Court* (1998) 61 Cal.App.4th 980, 992 [72 Cal.Rptr.2d 43].)

▪ In finding waiver, the trial court relied on two actions by plaintiffs it found inconsistent with requesting arbitration. First, plaintiffs filed suit for damages. ▪ However, suing on an arbitrable claim does not per se result in waiver of plaintiffs' right to compel arbitration. (*Doers v. Golden Gate Bridge etc. Dist.* (1979) 23 Cal.3d 180, 188 [151 Cal.Rptr. 837, 588 P.2d 1261].) "But even if a party has initiated the litigation process, the court may not necessarily find a waiver. The court must be satisfied not only that the party seeking arbitration acted inconsistently with the right to arbitrate but also that the objecting party was prejudiced by such action. [Citations.]" (*Thorup v. Dean Witter Reynolds, Inc., supra*, 180 Cal.App.3d at p. 235.) ▪ While plaintiffs did file suit for damages, the suit also requested arbitration. Thus, defendants were on notice that plaintiffs sought to arbitrate the dispute. We, therefore, conclude the filing of the lawsuit did not waive plaintiffs' right to arbitration.

The second action on which the court relied is that plaintiffs invoked the powers of the court in obtaining a temporary restraining order and sought a preliminary injunction, without moving to stay the action. A party may file an application for a provisional remedy in connection with an arbitrable controversy. (Code Civ. Proc., § 1281.8, subd. (b).) Preliminary injunctions and temporary restraining orders are among the provisional remedies that may be sought. (Code Civ. Proc., § 1281.8, subd. (a)(3).) An application for a provisional remedy does not waive the right of arbitration if the applicant at the same time moves to stay all other proceedings in the action pending arbitration. (Code Civ. Proc., § 1281.8, subd. (c).)

Plaintiffs did not apply for a stay, so the question is whether their application for a provisional remedy without an accompanying application for a stay was a waiver of the right to arbitrate. A leading commentator suggests that although the statutory language does not expressly state this result, this seems to be its import, but questions why this should be the result when relief is denied and there is no prejudice to the opposing party. (Knight et al., Cal. Practice Guide: Alternative Dispute Resolution (The Rutter Group 2001) ¶ 5:194, pp. 5-80.5 to 5-80.6.)

We agree that given the strong public policy favoring arbitration, absent an explicit statutory command to find waiver, the failure to include a request for a stay with an application for provisional relief, is a fact to consider in determining waiver, but it is not dispositive. Here defendants sought to demolish on September 15 a structure plaintiffs had erected. The temporary restraining order resulted in a delay in demolition until October 6. Defendants do not claim the three-week delay prejudiced them in any way. "[T]he party who seeks to establish waiver must show that some prejudice has resulted from the other party's delay in seeking arbitration. [Citation.]" (*Davis v. Continental Airlines, Inc.* (1997) 59 Cal.App.4th 205, 212 [69 Cal.Rptr.2d 79].)

There is no showing of any prejudice to defendants. This is not a case where the litigation machinery was substantially invoked before the request for arbitration, where there was a long delay before arbitration was sought, where plaintiffs took advantage of judicial discovery procedures not available in arbitration, or where the delay affected, misled or prejudiced the opposing party. (*Sobremonte v. Superior Court, supra,* 61 Cal.App.4th at p. 992.) Simply filing suit for damages, while also requesting arbitration, and then seeking a provisional remedy without a stay is insufficient to support a finding of waiver absent any evidence of prejudice to the opposing party.

Defendants were seeking only a provisional remedy in enforcing their right under the security interest to repossession of the fixtures and equipment. As discussed above, Code of Civil Procedure section 1281.8 permits a

provisional remedy in connection with an arbitrable dispute. Thus, we must determine whether an injunction is an appropriate provisional remedy to enforce the right of repossession.

## II

Under the lease plaintiffs granted defendants a security interest in all trade fixtures and equipment to secure performance of the lease. The lease also provided: "On default in performance of any obligation of this lease to be performed by lessee, lessor shall immediately have as to trade fixtures the remedies provided to a secured party under the Uniform Commercial Code as enacted in California."

California Uniform Commercial Code section 9609 provides in part: "(a) After default, a secured party may do both of the following: [¶] (1) Take possession of the collateral. [¶] (2) Without removal, render equipment unusable and dispose of collateral on a debtor's premises under Section 9610. [¶] (b) A secured party may proceed under subdivision (a) in either of the following ways: [¶] (1) Pursuant to judicial process. [¶] (2) Without judicial process, if it proceeds without breach of the peace."

A secured party wishing to repossess by judicial action, can bring an action in replevin or proceed under the statutory successor to replevin, an action of claim and delivery. (White & Summers, Uniform Commercial Code (4th ed. 1999 supp.) § 25-8, p. 221.) "Claim and delivery is a remedy by which a party with a superior right to a specific item of personal property (created, most commonly, by a contractual lien) may recover possession of that specific property before judgment." (*Waffer Internat. Corp. v. Khorsandi* (1999) 69 Cal.App.4th 1261, 1271 [82 Cal.Rptr.2d 241].)

California has a detailed claim and delivery law. (Code Civ. Proc., § 511.010 et seq.) A party with a claim that he is entitled to possession of property may apply for a writ of possession. (Code Civ. Proc., § 512.010.) A writ of possession directs the levying officer to levy on specified property. (Code Civ. Proc., § 512.080, subds. (b) & (d).) The court may also order the defendant to transfer possession of the property to the plaintiff. (Code Civ. Proc., § 512.070.)

Plaintiffs contend defendants were required to proceed under the claim and delivery law and apply for a writ of possession. They contend defendants failed to comply with the requirements for obtaining a writ of possession. Among the failures cited by plaintiffs are that defendants sought to repossess property before they filed their cross-complaint (Code Civ.

Proc., § 512.010, subd. (a)); they failed to provide a copy of the written instrument that was the basis of their claim (*id.*, subd. (b)(1)); they failed to describe the property and state its value (*id.*, subd. (b)(3)); they failed to establish the probable validity of their claim to possession, but simply asserted they were owed money (Code Civ. Proc., § 512.060, subd. (a)(1)). Plaintiffs also contend defendants failed to give the required 21-day notice. (Code Civ. Proc., § 1005, subds. (a)(2) & (b).)

Defendants retort that plaintiffs failed to provide any authority, below or on appeal, that defendants are required to proceed under the claim and delivery law. They contend plaintiffs have waived the point. Defendants appear to suggest Commercial Code section 9609 permits them to use any procedure to obtain repossession of the property. Indeed, they sought to obtain a court order by ex parte application without an undertaking.

■■■ When state action is invoked to obtain possession of property, constitutional concerns arise. In *Blair v. Pitchess* (1971) 5 Cal.3d 258 [96 Cal.Rptr. 42, 486 P.2d 1242, 45 A.L.R.3d 1206], the California Supreme Court held the prior claim and delivery law, which permitted a party to obtain a summons requiring the sheriff to take property from the defendant upon affidavits without judicial review, was unconstitutional. The court held a search incident to execution of claim and delivery process is unreasonable under the Fourth Amendment unless supported by a warrant issued by a magistrate upon a showing of probable cause. (*Id.* at p. 273.) Further, a taking under the claim and delivery procedure violates due process if it occurs prior to a hearing on the merits unless justified by weighty state or creditor interests. (*Id.* at p. 278; cf. *Fuentes v. Shevin* (1972) 407 U.S. 67 [92 S.Ct. 1983, 32 L.Ed.2d 556] [finding replevin laws of Florida and Pennsylvania violated due process as they denied the right to a hearing before chattels were taken].)

In response to the *Blair* and *Fuentes* decisions, the California Law Revision Commission recommended substantial revisions to the claim and delivery law to meet the constitutional requirements for a valid prejudgment judicial repossession procedure. (Recommendation Relating to the Claim and Delivery Statute (Dec. 1972) 11 Cal. Law Revision Com. Rep. (1973) pp. 307-345.) There must be an opportunity for a preseizure hearing in the usual case; ex parte seizures are limited to extraordinary circumstances; and a judicial officer must find probable cause to believe the claim is valid and the property is at the location specified. (*Id.* at pp. 309-313.) The Legislature enacted a new claim and delivery law complying with these requirements. (Stats. 1973, ch. 526, § 2, pp. 1013-1022.)

■■■ The claim and delivery law provides a complete prejudgment remedy to recover possession of personal property. It has been carefully crafted

to meet constitutional requirements. In addition, it provides for injunctive relief in the form of a turnover order under Code of Civil Procedure section 512.070. (See *Pillsbury, Madison & Sutro v. Schectman* (1997) 55 Cal.App.4th 1279, 1282 [64 Cal.Rptr.2d 698] [trial court issued preliminary injunction directing defendant to turn over documents on plaintiff's application for a writ of possession].)

A writ of possession is an appropriate remedy for a secured party to obtain possession of collateral; we consider whether an injunction is also. Interestingly, defendants offered no authority, below or on appeal, that an injunction is an appropriate procedure to secure possession of property, not simply to restrain the removal of the property. Case law indicates an injunction is not the appropriate procedure. Generally, an injunction is not a proper remedy for recovering possession of personal property. (*San Antonio Water Co. v. Bodenhamer* (1901) 133 Cal. 248, 251 [65 P. 471].)

In *Voorhies v. Greene* (1983) 139 Cal.App.3d 989 [189 Cal.Rptr. 132], personal and professional differences arose among members of a law corporation. Plaintiff's employment was terminated and he was denied access to the offices or any client files. Plaintiff brought suit and also obtained an injunction that provided him with access and use of the office premises, maintained his status as an employee, and gave him access to accounting books, records, and client files. (*Id.* at p. 993.) The order granting the preliminary injunction was reversed insofar as it directed plaintiff's access to the office and client files and continued employment by the corporation and participation in corporate management. (*Id.* at p. 998.) Invoking the rule that an injunction is not a proper remedy for recovering personal property, the court found an injunction should not issue to transfer possession of property held under an ostensibly extant contract. (*Id.* at pp. 996-997.)

The existence of another effective judicial remedy is grounds for denying injunctive relief. (*Triple A Machine Shop, Inc. v. State of California* (1989) 213 Cal.App.3d 131, 138 [261 Cal.Rptr. 493].) Given that there is an adequate remedy under the claim and delivery law, an injunction is not the proper remedy to recover possession of trade fixtures and equipment.

Moreover, even if an injunction was the proper remedy, defendants failed to make the necessary showing. A provisional remedy may be granted in an arbitrable dispute, "but only upon the ground that the award to which the applicant may be entitled may be rendered ineffectual without provisional relief." (Code Civ. Proc., § 1281.8, subd. (b).) While defendants made a showing that it was necessary to restrain removal of equipment, as plaintiffs had removed the meat smokers to another location, they made no showing

that repossession of the fixtures and equipment was necessary so that the award to which they may be entitled would not be rendered ineffectual.

Since the order granting the injunction is reversed, we need not consider whether the notice of appeal stayed the court's order and the formal injunction should not have issued.

### III

Defendants moved for an order sanctioning plaintiffs for an appeal that is frivolous or taken solely for delay. Since we have found merit in plaintiffs' appeal, sanctions are denied.

### DISPOSITION

The order finding waiver of arbitration and granting an injunction requiring plaintiffs to relinquish possession of fixtures and equipment is reversed. Plaintiffs shall recover their costs on appeal.

Sims, Acting P. J., and Callahan, J., concurred.