Filed 10/6/20  Marriage of Richards CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| In re Marriage of ALICIA MARIE and RYAL W. RICHARDS. | |
| ALICIA MARIE RICHARDS, Appellant, v. RYAL W. RICHARDS, Respondent. | G057803 (Super. Ct. No. 15D009634) O P I N I O N |

Appeal from postjudgment orders of the Superior Court of Orange County, Andre De La Cruz, Judge.  Affirmed.  Request for judicial notice denied.

Alicia Marie Richards, in pro. per., for Appellant.

Law Offices of Kevin E. Robinson and Kevin E. Robinson for Respondent.

This is the fifth appeal we have considered in this prolonged postjudgment dispute between Alicia Marie Richards (Wife) and Ryal W. Richards (Husband). The five appeals have all concerned Wife's efforts to stop Husband from selling the family residence (the Property). In Wife's first appeal (*In re Marriage of Richards* (Jan. 9, 2020, G055927) [nonpub. opn.] (*Richards I*)), we rejected her assertion the court erred in refusing to set aside a stipulated marital dissolution judgment ordering sale of the Property if she did not timely buy out Husband's share. The second appeal concerned two postjudgment orders. (*In re Marriage of Richards* (Jan. 9, 2020, G056626) [nonpub. opn.] (*Richards II*).) We affirmed the court's June 15, 2018, order fixing a $225,000 undertaking, relating to its earlier ruling to stay enforcement of the judgment on the condition Wife pay a bond/undertaking. (*Ibid.*) We reversed the July 10, 2018, order imposing sanctions against Wife with respect to anticipated misconduct in future hearings. (*Ibid.*)

In *In re Marriage of Richards* (May 18, 2020, G056921) [nonpub. opn.] (*Richards III*), we consolidated two appeals and affirmed the trial court's rulings on two postjudgment orders dated October 9 (G056921) and November 9, 2018 (G057041). Both orders related to the court's efforts to enforce the judgment as follows: (1) ordering Wife to sign a listing agreement with a real estate agent to sell the Property; (2) sanctioning Wife when she refused to comply and ordering the court clerk to execute the necessary documents; (3) granting Husband exclusive possession of the Property; (4) ordering Wife to vacate the premises within 60 days; and (5) inviting Husband to file a writ of possession if Wife failed to comply with the court's order to leave the residence.

The current appeal concerns three 2019 orders denying Wife's motions to quash/vacate Husband's writ of possession. The court made these rulings on April 19 and April 26. We affirm the three orders.

FACTS

We incorporate the underlying facts and procedural history discussed in greater detail in *Richards I, II,* and *III.* We will begin where the case left off at the end of 2019.

As mentioned in *Richards III, supra,* G056921, the court took several steps towards enforcing the judgment in October and November 2018. It granted Husband's request to order Wife to sign a listing agreement with real estate agent Scott Singer, and admonished Wife it was considering sanctions. (*Ibid.*) After Wife failed to timely sign the listing agreement, the court arranged for the court clerk to sign all necessary documents and sanctioned Wife $4,200. (*Ibid.*) The court ordered Husband was to have exclusive possession of the Property and it gave Wife 14 days to vacate the premises. (*Ibid.*) The court advised Husband that he should file a writ of possession if Wife did not vacate. (*Ibid.*)

While Wife's appeals from the October/November orders were pending, she continued to litigate those same issues in the trial court. Specifically, she made several attempts to vacate the court's November 9 orders, which were the subject of her appeal (and later affirmed in *Richards III, supra,* G056921).

I. *Motions to Vacate/Set Aside/Quash*

On February 21, 2019, Wife filed a "motion to vacate, recall and/or quash [the] court's *sua sponte* order for writ of possession made in excess of jurisdiction in violation of due process and without bond posted in the amount of $1,000,000 by [Husband]." (Capitalization omitted, Motion to Vacate No. 1.) Citing Code of Civil Procedure section 473,[1] Wife argued the November 9, 2018, order authorizing a writ of possession was void because it violated due process procedures outlined in sections 512.020, 515.050, and 513.010. Wife also asserted the order was void because it was

---

[1] All further statutory references are to the Code of Civil Procedure, unless otherwise indicated.

made when the action was stayed pursuant to section 917.4. She noticed the hearing for April 19, 2019.

Seven days later (February 28, 2019), Husband filed an application for a writ of possession. That same day, the court clerk issued a writ of possession, directing the sheriff to enforce the order giving Husband exclusive control of the property. Soon thereafter, the sheriff sent an eviction notice to Wife, telling her to vacate the premises by March 14, 2019.

After receiving the eviction notice, Wife filed multiple motions. First, on March 11, 2019, Wife filed a "motion to vacate and/or set aside order [regarding] exclusive possession of family home without a notice[d] hearing, in violation of due process and in violation of the statutory stay and not the order of the court." (Capitalization omitted, Motion to Vacate No. 2.) Citing sections 473 and 1005, Wife moved to vacate the void "ex parte order signed on November 9, 2018, ordering exclusive possession." The court set a hearing on this motion for April 26, 2019.

Second, on March 13, 2019, Wife filed an "ex parte for stay pending hearing on motion to quash ex parte writ of possession issued [February 28, 2019]." (Capitalization omitted.) Within this document was a request for a temporary stay of the writ of possession to avoid eviction (Motion to Stay), as well as a motion to vacate/quash the writ (Motion to Vacate No. 3). The court denied the ex parte request for a stay and scheduled a hearing for the Motion to Vacate No. 3 on April 26, 2019.

In Motion to Vacate No. 3, Wife sought to "quash the writ of possession issued on February 28, 2019[,] against a void order signed on November 9" without a hearing. Wife cited to sections 473 [set aside void orders], 916 [stays], 1005 [written notice for motions]; and 512.020 [procedures required for writ of possession of tangible property].

Third, on March 13, 2019, Wife filed a "request for order/motion to claim[] right of possession and property." (RFO Possession.) She attached to this motion a copy

4

of the "claim of right to possession," her adult son, Jonathan Richards, filed with the Orange County Sheriff's Department (Sheriff's Department). Fourth, on March 19, 2019, Wife filed a motion to vacate/set aside the November 9 order permitting the court clerk to sign the listing agreement. (Motion to Vacate No. 4.) These two matters were scheduled for a hearing in early May 2019, along with Wife's Order to Show Cause (OSC) regarding contempt asserting Husband owed child and spousal support. (We note these three matters, scheduled for a hearing in May 2019, are not part of this appeal).

In his opposition, Husband noted Wife was improperly treating the writ as if it originated from an unlawful detainer action. In addition, Husband asked the court to deem Wife a vexatious litigant and sanction her $4,120. His counsel declared that after the court gave Husband exclusive control of the Property, Wife was very uncooperative and refused to allow the listing agent to take photographs of the residence for purposes of the sale. Wife threatened to file a lawsuit against the listing agent and real estate broker. In addition, Husband's counsel stated a sheriff served Wife with the writ of possession during the first week of March, and a few days later, the Sheriff's Department received Jonathon Richards's claim of right to possession and notice of hearing. Counsel claimed he was unable to convince the Sheriff's Department to proceed with the eviction. The sheriff refused to take action because of the pending claim of right to possession. The Sheriff Department's representative suggested Husband's counsel should obtain a clear order denying Johnathan Richards's claim of right to possession and that "no further third party claim of right to possession would apply."

On March 27, 2019, Wife filed a handwritten declaration raising her "objection" to Husband's and his counsel's declarations, filed in support of Husband's opposition. She asserted the two declarations failed to correctly state the facts, and then she offered her version of events.

5

II. *The Trial Court's Rulings*

On April 19, 2019, the court issued a minute order denying Wife's Motion to Vacate No. 1. On the record it stated the following: "The court will now rule on the moving party's evidentiary objections. [¶] The moving party failed to comply with California Rules of Court, [rule] 3.1347(c) . . . . The motion is hereby denied. The moving party had adequate notice that she would be evicted. No appellate stay existed when she filed her ex parte request for [an] order on October 11, 2018, and the court denied it on November [9], 2018. [¶] The writ of possession was properly filed in connection with the court's order of November [9], 2018. The moving party's belated filing of her undertaking and/or belated execution of the listing agreement cannot be used as a sword to obstruct this court's order."

On April 26, 2019, the court denied Wife's Motions to Vacate Nos. 2 and 3. It reserved the right to consider Husband's motions for sanctions "until . . . he complie[d]" with California Rules of Court, rule 5.427(d). It denied Husband's request to declare Wife a vexatious litigant, explaining, "It is clear to this [c]ourt that [Wife's] ongoing conduct gives support to this request; however, [Husband] should bring a motion pursuant to [section] 391.1, enabling the [c]ourt to make a ruling in that regard." Finally, the court took judicial notice of the reporter's transcripts from October 9 and November 9, 2018. In its minute order, the court noted that during argument it admonished Wife "for interrupting" and concluded Wife lacked credibility. It stated, "Court finds [Wife] makes and has continually made misleading statements [throughout] the history of this case. [¶] [She] has been previously sanctioned . . . and filed multiple [w]rits with the Court of Appeal without merit . . . ." It added, Wife "continuously tries to stymie this Court's jurisdiction and order."

DISCUSSION

We begin by noting that in this opinion we will neither repeat the contentions nor our analysis of issues resolved in our prior *Richards I*, *II,* and *III*

6

opinions. This includes all issues considered in affirming the trial court's order refusing to set aside the judgment and in rejecting Wife's repeated assertions the judgment was stayed. We also will not reconsider in this appeal issues relating to the court's enforcement of the judgment, including orders that (1) Wife sign the listing agreement, (2) the clerk sign the listing documents, (3) Husband shall have exclusive possession of the Property, and (4) Wife must vacate the premises. To the extent Wife attempts in this appeal to raise arguments related to the issues decided in our prior opinions, those claims are barred by the collateral estoppel doctrine. (*Murphy v. Murphy* (2008) 164 Cal.App.4th 376, 402 (*Murphy*).) We need not acknowledge or discuss them further.[2]

I. *Motion to Vacate No. 1*

On April 19, 2019, the court denied Wife's Motion to Vacate No. 1. It is important to note this motion was filed *before* Husband obtained a writ of possession. Although the motion's caption suggests Wife was seeking to vacate a writ of possession, she was actually moving under section 473, subdivision (d), to vacate the court's November 9, 2018, orders (November 9th orders) on the grounds they were void.

Wife asserts the November 9th orders are void because (1) she did not have adequate notice or a hearing on the issue of Husband's right to exclusive possession, (2) the trial court lacked jurisdiction because the judgment was stayed, and (3) her tort litigation against Husband was still pending. She concludes, "A void order may be attacked collaterally at any time by a motion to vacate under [section] 473." As will be

---

[2] We caution Wife to discontinue her habit of needlessly repeating arguments raised and decided in prior appeals. Those decisions are final, and the pointless repetition places Wife in danger of being sanctioned by this court for submitting a frivolous brief. Moreover, in *Richards I,* we cautioned Wife to minimize abbreviations that required exasperating cross-referencing to a lengthy "Table of Abbreviations." A brief focused on the issues relevant to the orders being appealed from will eliminate the need for any abbreviations.

explained, we conclude the orders were not void, and therefore, Wife was not entitled to section 473 relief.

"Section 473, subdivision (d), provides a trial court 'may, on motion of either party after notice to the other party, set aside any void judgment or order.' '[I]nclusion of the word "may" in the language of section 473, subdivision (d) makes it clear that a trial court retains discretion to grant or deny a motion to set aside a void judgment [or order].' [Citation.] However, the trial court 'has no statutory power under section 473, subdivision (d) to set aside a judgment [or order] that is not void . . . .' [Citation.] Thus, the reviewing court 'generally faces two separate determinations when considering an appeal based on section 473, subdivision (d): whether the order or judgment is void and, if so, whether the trial court properly exercised its discretion in setting it aside.' [Citation] The trial court's determination whether an order is void is *reviewed de novo*; its decision whether to set aside a void order is reviewed for abuse of discretion. [Citations.]" (*Pittman v. Beck Park Apartments Ltd*. (2018) 20 Cal.App.5th 1009, 1020, italics added.)

We already considered Wife's contentions regarding due process, stays, jurisdiction, and her collateral tort action in *Richards III, supra,* G056921. In that appeal, Wife challenged the trial court's November 9th orders. Thus, we have analyzed and rejected *all* the same arguments Wife raised in her Motion to Vacate No. 1. We incorporate by reference our analysis and rulings in *Richards III* explaining why the order giving Husband exclusive possession and the order Wife must vacate the premises, were valid and enforceable. As mentioned, we need not repeat issues previously decided. (See *Murphy, supra,* 164 Cal.App.4th at pp. 399-402 [collateral estoppel doctrine].)

We appreciate Wife raised one issue not decided in *Richards III.* She asserts the trial court denied Motion to Vacate No. 1 on the grounds Wife failed to follow California Rules of Court, rule 3.1347(c). This contention misstates the record. At the hearing, the court stated the following: "The court will now rule on the moving party's

8

evidentiary objections. [¶] The moving party failed to comply with California Rules of Court, [rule] 3.1347(c) [when party must file written opposition]." Thus, the court cited the rule as grounds to deny an evidentiary objection, not Wife's Motion to Vacate No. 1. The record shows, the court explained the reasons why it was denying Wife's Motion to Vacate No. 1, concluding the arguments raised in the motion lacked merit. We need not say more.

Applying a de novo standard of review, we affirm the trial court's ruling denying the Motion to Vacate No. 1. The November 9th orders need not be vacated or set aside as void.

II. *Motion to Vacate No. 2*

Wife filed this motion to vacate after issuance of the writ of possession, however, the pleadings seek to yet again vacate/set aside the November 2018 order giving Husband exclusive possession of the property (but this motion is three times the length of Motion to Vacate No. 1). As previously discussed, Wife's section 473 "void order" argument lacks merit, and we need not repeat the analysis here. Applying a de novo standard of review of the trial court's ruling denying the Motion to Vacate No. 2, we affirm the trial court's decision the November 9th orders cannot be vacated/set aside as void.

III. *Motion to Vacate No. 3*

Unlike Wife's prior two motions, this 227-page motion (also referred to as the request for orders or "RFO") sought to quash the February 28 writ of possession. Wife argues the writ must be quashed because Husband and the trial court failed to follow many statutory procedures required before issuing a writ of possession.

First, she maintains the trial court had no authority to issue the writ of possession absent a judgment in an unlawful detainer proceeding. We disagree. Wife fails to cite to any authority for the proposition that a court may only issue a writ of possession after initiation of an unlawful detainer action. To the contrary, the remedy of

9

unlawful detainer is not available to a spouse who has been awarded exclusive use and possession of property. "'Unlawful detainer actions are authorized and governed by state statute. (§ 1161 et seq.) The statutory scheme is intended and designed to provide an expeditious remedy for the recovery of possession of real property.' [Citations.] 'The remedy is available in only three situations: to a lessor against a lessee for unlawfully holding over or for breach of a lease; to an owner against an employee, agent, or licensee whose relationship has terminated; and to a purchaser at an execution sale, a sale by foreclosure, or a sale under a power of sale in a mortgage or deed of trust against the former owner and possessor.' [Citation.]" (*Taylor v. Nu Digital Marketing, Inc.* (2016) 245 Cal.App.4th 283, 288-289.) None of these situations is present here.

By contrast, a family law court has the power to enforce a judgment or order "execution, . . . or contempt, or by any other order as the court in its discretion determines from time to time to be necessary." (Fam. Code, § 290.) Family Code section 291, subdivision (a), provides, "A money judgment or judgment for possession or sale of property that is made or entered under this code . . . is enforceable until paid in full or otherwise satisfied." Family Code section 291, subdivision (g), clarifies that a "'judgment'" includes an order. [S]ection 128, subdivision (a), similarly provides: "Every court shall have the power to do all of the following: [¶] . . . [¶] (4) To compel obedience to its judgments, orders, and process, and to the orders of a judge out of court, in an action or proceeding pending therein."

Contrary to Wife's contention on appeal, the former couple's respective rights concerning the Property were determined long ago by the final marital dissolution judgment. Wife stipulated to equally dividing the sale proceeds from the Property (in the event she was unable to meet an agreed upon deadline to buy out Husband's share). The trial court's November 9th orders were designed to enforce this judgment, granting Husband exclusive possession to facilitate a final sale. Thus, the November 9th orders/writ of possession did not deny Wife any property rights, but rather enforced a

10

judgment reflecting her previously determined property rights.  Stated another way, the court's order giving Husband exclusive use and possession of the property for purposes of selling it, did not diminish Wife's right to collect half the sale proceeds as required by the judgment.

Section 712.010 provides, "After entry of a judgment for possession or sale of property, a writ of possession or sale shall be issued by the clerk of the court upon application of the judgment creditor and shall be directed to the levying officer in the county where the judgment is to be enforced."  The trial court's November 2018 order constituted a final "judgment for possession . . . of property," supporting issuance of a writ of possession to Husband.  While it is true section 712.010 refers to an unlawful detainer action by stating in the second sentence of the provision that "[t]he application shall include a declaration under penalty of perjury stating the daily rental value of the property as of the date the complaint for unlawful detainer was filed," nowhere in section 712.010 does the provision limit its applicability to unlawful detainer actions.  We note Wife failed to cite to any authority, and we found none, limiting the issuance of a writ of possession to the enforcement of a judgment issued in an unlawful detainer proceeding.  "'Mere suggestions of error without supporting argument or authority other than general abstract principles do not properly present grounds for appellate review.'  [Citation.]" (*Multani v. Witkin & Neal* (2013) 215 Cal.App.4th 1428, 1457 [appellant's burden to affirmatively show error by presenting meaningful legal analysis supported by citations to authority].)

We note that in other contexts, courts have described the family law court's jurisdiction under section 290 broadly to include the power to order the sale of community property.  (See *In re Marriage of Schenck* (1991) 228 Cal.App.3d 1474, 1484 ["The family law department also has the power to order the residence sold immediately on the open market and to divide the proceeds"]; *Bonner v. Superior Court* (1976) 63 Cal.App.3d 156, 167 [trial court "retained power to order a sale of the homesteaded

11

community property awarded to the petitioner in order to carry out its equal division of the community assets"].) We conclude issuance of a writ of possession to effectuate an order granting exclusive use and possession to a spouse necessary to facilitate a sale of the Property is similarly within the trial court's authority under section 290.

Alternatively, Wife maintains the writ must be quashed because of Husband and the trial court's failure to comply with section 512.020 and California Rules of Court, rule 5.92. She asserts, "In this case, there was no notice, no motion, no pleadings, no hearing, no request by the opposing party, and no bond posted by [Husband] as required by statute and setting forth good cause to evict [Wife] and her children from their home." Section 512.020 refers to the *pre-judgment* provisional remedy of "claim and delivery" of tangible personal property. (*Simms v. NPCK Enterprises, Inc.* (2003) 109 Cal.App.4th 233, 241 ["'Claim and delivery is a remedy by which a party with a superior right to a specific item of personal property . . . may recover possession of that specific property before judgment'"].) The statute governs a legal procedure typically used to regain possession of tangible personal property, not real property. It is inapplicable in this case.

Similarly, California Rules of Court, rule 5.92, which spells out the general requirements for requesting orders in family law actions, is inapplicable in this case. Many of Wife's arguments, including this one, appear to be based on the false premise a writ of possession is akin to a new proceeding. It is not. It is a postjudgment remedy to enforce previously litigated matters. Section 712.010 provides: "After entry of a judgment for possession or sale of property, a writ of possession or sale shall be issued by the clerk of the court upon application of the judgment creditor and shall be directed to the levying officer in the county where the judgment is to be enforced."

Thus, Husband had a duty to fill out the application and include the information described in section 715.010, subdivision (b)(1)-(7). The clerk of the court had *a ministerial duty* to issue the writ of possession based on the judgment giving

12

Husband exclusive possession of the property. (*Ibid*.) And the levying officer has a duty to execute the writ of possession in accordance with section 715.020 (stating method for proper service). Contrary to Wife's belief, there was no obligation to hold a hearing, have the court sign the writ of possession, or provide notice.

Finally, Wife asserts the trial court lacked jurisdiction to issue the writ of possession because on November 15, 2108, she "filed another undertaking to support the undertaking filed on November 2, 2018" and then on November 26, 2018, she "filed a notice of stay on all the parties and notified the [c]ourt and the [r]ealtor of the stay. She attached the following: (1) a copy of her November 1, 2018, letter promising to provide the necessary undertaking because she owns half of the Property; (2) a copy of an undated letter signed by Wife's brother, Gregory Remsen, claiming to be trustee of the Remsen Family Trust worth $225,000; (3) a bank statement verifying the Remsen Family Trust account contained $225,000.01 as of November 13, 2018; and (4) a "California All-Purpose Acknowledgement" dated November 13, 2018, in which a notary public stated Greg Remsen provide he was the person who signed "the instrument" but does not indicate the type of instrument.

Wife appears to appreciate her November letter of undertaking was rejected by the court at the November 9, 2018, hearing as being deficient. We affirmed this ruling in *Richards III, supra,* G056921. There is no evidence in the record suggesting the court accepted the additional letter of undertaking prepared several weeks later by Wife's brother. Wife's decision to file a notice of stay is meaningless because it did not emanate from a court order. To the contrary, Wife's notice of a stay was filed after, and in direct contradiction to, the court's orders executing the judgment and facilitating sale of the Property.

In denying Wife's Motion to Vacate No. 3, the court did not specifically mention Wife's argument that the additional letter of undertaking meant the court lacked jurisdiction to enforce the judgment. This is likely because the issue of a belated posting

13

of an undertaking was previously considered and rejected. As we explained in *Richards III, supra,* G056921, "[In posting an undertaking, it] appears Wife believed it was appropriate to ignore the court's order to sign the listing agreement and untimely substitute the bond requirement with a notarized personal guarantee. She maintains Husband's failure to object meant her modification of the court's order was a valid way to stay enforcement of the judgment. She fails to appreciate Husband's opinion of her scheme was irrelevant in light of the court's unequivocal order that Wife sign the listing agreement or face sanctions. There was absolutely no reason to believe these terms were negotiable."

The same holds true for Greg Remsen's letter of undertaking. Wife had no reason to believe she could ignore the court's November 9th orders to vacate the Property simply by filing her brother's personal guarantee indicating he could pay $225,000 from trust funds. The appropriate time to file a bond/undertaking to stay the judgment was six months prior, in June 2018. Moreover, Wife fails to explain how her brother could make a personal promise to use funds from a family trust after declaring he was the trustee, not the beneficiary of those funds. Neither Wife nor her brother submitted a copy of the trust document confirming his authority to guarantee money presumably held in trust for family beneficiaries.

Accordingly, we conclude the court properly ignored the belated letter of undertaking. The judgment was not stayed by the belated letters of undertaking. The court had jurisdiction to enforce the judgment by giving Husband exclusive possession and a writ of possession. Therefore, we affirm the court's order denying the motion to quash the writ and vacate/set aside prior void orders. Again, we reiterate the judgment has never been stayed in this case and was not stayed by the belated letters of undertaking.

IV. *Request for Judicial Notice & Undertaking Issue*

Wife requests we take judicial notice of court documents relating to the court's decision to deny Husband's motion to "determine [the] insufficiency of personal surety undertaking." (Capitalization omitted.) Specifically, she asserts it is appropriate to take judicial notice of a May 3, 2019, court ruling (entered after the two April orders being considered in this appeal), as well as only *two pages of a 13-page* reporter's transcript of a related hearing that took place March 2019.

Husband's motion sought a court order declaring Wife's letter of undertaking signed November 9, 2018, and Gregory Remsen's letter of undertaking signed November 13, 2018, did not serve to stay the judgment. Husband declared (in response to one of Wife's later motions) that all his efforts to convince Wife there was not a valid stay had failed and she continued to be uncooperative in selling the Property. Therefore, in January 2019, he filed a motion asking the court to rule on the sufficiency of Wife's letters of undertaking (filed in November 2018), because he believed a ruling would help Wife understand there was no stay of the judgment. The court's ruling in May 2019 that Husband's motion was untimely is irrelevant to our review of the court's orders in April 2019.

It appears that Wife interprets the court's ruling denying the untimely motion as somehow indicating the court stayed the judgment. Not so. As explained in more detail above, there is nothing in the record suggesting the court accepted the untimely letters of undertaking and imposed a stay. To the contrary, on November 9, 2018, the trial court ruled Wife's guarantee letter was "'entirely deficient'" because she was unemployed with no income. (*Richards III, supra,* G056921.) Wife cannot provide a record citation showing the court made any ruling regarding Gregory Remsen's letter of undertaking. We can reasonably assume the court determined Wife's brother's personal guarantee was deficient because it rejected Wife's multiple motions to vacate/set aside the judgment execution orders.

"We may, of course, 'take judicial notice' (Evid. Code, § 459, subd. (a)) of the '[r]ecords of . . . any court of this state' (*id*., § 452, subd. (d)). We fail to see—and certainly, [Wife] fails to show—the relevance of the subject record. From all that appears, the court did not make any determination in light thereof. 'Because . . . no evidence is admissible except relevant evidence, it is reasonable to hold that judicial notice, which is a substitute for formal proof of a matter by evidence, cannot be taken of any matter that is irrelevant . . . .' (2 Jefferson, Cal. Evidence Benchbook (2d ed. 1982) Judicial Notice, § 47.1, p. 1749.) Consequently, we deny the request." (*People v. Rowland* (1992) 4 Cal.4th 238, 268, fn. 6.; see also *Soukup v. Law Offices of Herbert Hafif* (2006) 39 Cal.4th 260, 295, fn. 21 ["reviewing court need not take judicial notice of irrelevant court records"].)

V. *Statement of Decision*

The court denied Wife's request for a statement of decision (referred to Wife as a SOD). Wife asserts, "[California Rules of Court, r]ule 232 sets out the process for a SOD . . . ." In 2007, California Rules of Court, rule 232 was renumbered rule 3.1590.

In addition to citing outdated rules, Wife also relies exclusively on two inapplicable cases. She provides legal authority supporting the theory a statement of decision may be required when a trial court resolves issues of fact. (*In re Marriage of Sellers* (2003) 110 Cal.App.4th 1007, 1010 [statement of decision required for order modifying, terminating, or setting aside a support order]; *In re Marriage of Reilley* (1987) 196 Cal.App.3d 1119, 1126 [reversed because trial court did not render statement of decision relative to amounts awarded for child and spousal support].)

Indeed, the rules regarding statements of decision expressly provide the requirement is triggered when there is a trial on a question of fact. California Rules of Court, rule 3.1590 implements section 632, and states that "[o]n the trial of a question of fact by the court, the court must announce its tentative decision by an oral statement,

16

entered in the minutes, or by a written statement filed with the clerk." (Cal. Rules of Court, rule 3.1590(a).) Similarly, California Rules of Court, rule 3.1590(a), specifies it applies "[o]n the trial of a question of fact by the court . . . ."

Here, the court did not consider a question of fact. Evaluation of whether an order or judgment should be set aside/vacated as void is a question of law, reviewed de novo. (*Nixon Peabody LLP v. Superior Court* (2014) 230 Cal.App.4th 818, 822.) Wife cites no case requiring a trial court to issue a statement of decision on a motion brought under section 473. We conclude this contention of error lacks merit.

## DISPOSITION

We affirm the postjudgment orders. We deny the request for judicial notice. Respondent shall recover his costs on appeal.


O'LEARY, P. J.

WE CONCUR:


THOMPSON, J.


GOETHALS, J.

17