Filed 9/10/13  P. v. Doscher CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sutter)

----

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C070239 |
| v. | (Super. Ct. No. CRF110181) |
| CHRISTINA CLAUDINE DOSCHER, | |
| Defendant and Appellant. | |

Following her conviction for second degree robbery, defendant Christina Claudine Doscher was granted probation.  (Pen. Code, § 211.)[1]  As part of the grant of probation, the court imposed a number of probation conditions related to alcohol use.  In addition, defendant was ordered to pay a monthly probation supervision fee.  On appeal, defendant raises two contentions.  First, defendant contends the trial court abused its discretion in imposing the alcohol-related probation conditions.  If this issue is deemed forfeited based

---

[1]    Undesignated statutory references are to the Penal Code.

1

on defendant's failure to object to these probation conditions, then defendant contends that trial counsel was ineffective for failing to object. Second, defendant contends the trial court erred when it failed to determine if she had the ability to pay a monthly probation supervision fee.

We conclude defendant has forfeited both contentions by failing to object to (1) the imposition of the alcohol-related probation conditions and (2) procedural errors in the determination of her ability to pay probation supervision costs. As to the alcohol-related probation conditions, we conclude counsel was not ineffective for not objecting to these probation conditions. As to the probation supervision costs, we conclude there is sufficient evidence to support the trial court's implicit finding of ability to pay. Accordingly, we affirm the judgment.

BACKGROUND

*The Offense*

Defendant and Amber Williams were neighbors who became friends as they smoked cigarettes and marijuana together. One evening in October 2010, Williams thought she, defendant, and defendant's adult daughter, Christina McAllister, were going to smoke marijuana together along the levee road. They parked near the levee, talked for a while, and then Williams got out of the car to ensure no one else was around. She left her purse in the back seat of the car.

Defendant followed Williams out of the car, sprayed her in the face with pepper spray, and hit her around the head. Defendant was angry and swearing, and she accused Williams of trying to "talk" to her husband. Defendant also said she was going to steal Williams's belongings. McAllister was also yelling at Williams about her boyfriend. Williams did not understand their accusations.

2

Defendant and McAllister got back in the car and drove off, leaving Williams on the road. Williams's purse remained in the backseat of the car. Inside her purse were her cellular telephone, iPod, driver's license, and Xanax medication.

Williams was able to flag down a passing motorist, Betty Jones, to help her. She used Jones's cellular telephone to call her boyfriend, and he came and took Williams home. The next day Williams's driver's license and empty prescription bottle were found behind a K-Mart.

About a week before the robbery, defendant had left a message on Williams's home answering machine asking Williams to call her on her husband's phone and leaving the phone number. The day of the robbery, defendant left a message asking, "[w]hy the fuck are you calling my fucking husband and how the fuck do you even know his number? I'm going to beat your fucking ass when I see you bitch." Williams did not listen to either message until the day after the altercation with defendant.

Defendant's husband claimed defendant had been with him the entire night watching television. Defendant's in-laws testified her character was inconsistent with the behavior alleged.

Defendant was charged with second degree robbery (§ 211). Following a jury trial, she was convicted as charged.

### *Probation Report*

The probation report revealed defendant had a history of offenses involving drugs and alcohol. In 2001, she was convicted of brandishing a deadly weapon. At the time of her arrest, she was also in possession of drug paraphernalia and .01 grams of methamphetamine. She was granted probation and violated probation twice by failing to complete the court-ordered batterer's treatment program. In 2004, she was convicted of child endangerment and driving under the influence of alcohol. She was again granted probation and violated probation six times by failing to complete the driving under the

3

influence (DUI) class. Eventually, the probation condition requiring she complete a DUI class was deleted. At the sentencing hearing, defendant indicated she had ultimately completed the DUI class to receive her driver's license. In 2005, she was convicted of possession of a controlled substance after she was found in possession of less than one gram of methamphetamine and less than one gram of marijuana. She had a conviction in 2010 for vandalism and was on probation when the current offense was committed.

Defendant described herself as a recovering alcoholic who had been clean and sober for approximately six years. Her most recent relapse was between 2004 and 2005. She claimed the last time she had smoked marijuana or used methamphetamine was in 2005. Following back surgery in 2007, defendant was prescribed narcotic pain medications, which resulted in her becoming addicted to the pills. She denied any current addiction.

The probation report concluded, "Although the defendant denies she is addicted to narcotic pain medications, it is believed that the defendant is utilizing prescription pain medications in lieu of other controlled substances, which have increased in potency over the years. Of further concern is the defendant's lack of ability to complete treatment. Probation was unable to determine if the defendant completed Batterer's Treatment and it is documented that she did not complete her DUI classes, which suggests she is unable to comply with treatment conditions. [¶] The defendant is statutorily eligible for probation and she has demonstrated she needs supervision. She clearly has anger management issues and possibly unaddressed substance abuse issues, which is something probation can assist with. After speaking with the victim and reviewing the circumstances of the offense, probation believes a jail term of 120 days and a grant of probation is deemed appropriate. Probation recommends that both alcohol and drug conditions be imposed as probation would like to monitor to ensure [*sic*] the defendant does not relapse with alcohol or drugs, especially with the narcotic prescriptions she currently consumes. If the

4

defendant is not using alcohol or illegal drugs, the conditions will pose no burden to her." The report indicated defendant expressed a willingness to comply with the probation conditions.

The court granted defendant probation. Among the terms and conditions of probation imposed by the court were the conditions that defendant was to: (1) consent to a search for drugs, alcohol, firearms, dangerous weapons, and stolen property; (2) submit to chemical tests to detect the use of alcohol; and (3) not possess or consume any alcoholic beverages or remain in any establishment where alcohol is the principal item of sale. The court also ordered defendant to pay a $20 monthly supervision fee to probation pursuant to section 1203.1b, subdivision (a).

DISCUSSION

I

*Alcohol-related Probation Conditions*

Defendant contends the trial court's imposition of the alcohol-related conditions of probation constituted an abuse of discretion because the conditions were overbroad, were not supported by the evidence, and violated her right to due process. Recognizing she did not object to the imposition of these conditions, she also contends if the issue is deemed forfeited, counsel was ineffective for failing to object.

*Forfeiture*

In *People v. Lent* (1975) 15 Cal.3d 481 (*Lent*), the California Supreme Court held that "[a] condition of probation will not be held invalid unless it '(1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not itself criminal, and (3) requires or forbids conduct which is not reasonably related to future criminality. . . .'" (*Id*. at p. 486.) All three criteria must be satisfied to invalidate a probation condition.

5

The failure to object to a probation condition on *Lent* grounds in the trial court forfeits the claim on appeal. (*People v. Welch* (1993) 5 Cal.4th 228, 237.) This forfeiture rule was reaffirmed in *In re Sheena K.* (2007) 40 Cal.4th 875 (*Sheena K.*), where the Supreme Court declared "an adult probationer who elects to receive probation in lieu of incarceration fairly may be charged with the need to timely challenge any conditions imposed and . . . application of the forfeiture doctrine would deter the promulgation of invalid conditions in the trial court and decrease the number of appeals contesting such conditions." (*Id.* at p. 882.) This forfeiture rule applies even to constitutional challenges of probation conditions if the constitutional question cannot be resolved without reference to the particular sentencing record developed in the trial court. (*Id.* at p. 889.)

Defendant asserts her claim is purely a question of law and cannot be forfeited for failure to object. At the same time, defendant also states the relevant analysis is fact specific and her legal argument is fact-based. She contends "the trial court imposed the alcohol-related conditions as a matter of course and failed to make a finding that given the specific facts of [defendant's] case, alcohol use was reasonably related to future criminality." Defendant's challenge is, in fact, to the reasonableness of the conditions and whether the facts of the offense and her background support the imposition of the conditions.

As defendant acknowledges, whether there is a rational connection between the alcohol-related probation conditions and defendant's future criminality is a fact-specific analysis. That is, it cannot be determined "without reference to the particular sentencing record developed in the trial court." (*Sheena K., supra*, 40 Cal.4th at p. 889.) Because defendant is objecting to these probation conditions on grounds based on *Lent, supra,* 15 Cal.3d 481, defendant's failure to raise these objections in the trial court forfeits the contention on appeal. (*Sheena K., supra*, 40 Cal.4th at p. 889.)

6

### *Ineffective Assistance of Counsel*

To prevail on a claim of ineffective assistance of counsel, a defendant must establish both that counsel's representation fell below an objective standard of reasonableness and that there is a reasonable probability a determination more favorable to defendant would have resulted but for counsel's unprofessional errors. (*People v. Kipp* (1998) 18 Cal.4th 349, 366.) If a defendant fails to establish either component, the ineffective assistance claim fails and we need not address the other component. (*Strickland v. Washington* (1984) 466 U.S. 668, 697 [80 L.Ed.2d 674]; *People v. Rodrigues* (1994) 8 Cal.4th 1060, 1126.) In reviewing a claim of ineffective assistance on appeal, we accord great deference to trial counsel's tactical decisions (*In re Fields* (1990) 51 Cal.3d 1063, 1069-1070), and reverse "'only if the record on appeal affirmatively discloses that counsel had no rational tactical purpose for his [or her] act or omission.' [Citation.]" (*People v. Frye* (1998) 18 Cal.4th 894, 980.) "An attorney may choose not to object for many reasons, and the failure to object rarely establishes ineffectiveness of counsel." (*People v. Kelly* (1992) 1 Cal.4th 495, 540.)

Here, the record does not affirmatively disclose counsel had "no rational tactical purpose" for not objecting to the language of the probation conditions. Trial counsel could have reasonably decided not to object to the alcohol-related probation conditions based on a belief that in light of defendant's record, she was fortunate to be granted probation at all. Defendant had numerous violations of probation and the current offense was committed while she was on probation. Both the probation report and the district attorney expressed reservations about defendant's ability to comply with probation given the lack of remorse and insight, caused by her apparently continuing to struggle with substance abuse. The probation report recommended probation be conditioned on defendant serving 120 days in county jail and the prosecution argued either for no

probation with a low-term sentence or a harsher term as a condition of probation, "like 240 or above."

Given the genuine concerns about both defendant's suitability for probation and her ability to comply with probation, and the realistic prospect of a harsher sentence being imposed, it was not an unreasonable tactical choice for counsel to determine that accepting probation on the terms and conditions proposed by the probation report, and not challenging the alcohol-related conditions, was in defendant's best interest. Further, counsel may have believed defendant would fail on probation without treatment. Having failed to establish counsel's performance fell below an objective standard of reasonableness, defendant has not carried her burden of establishing ineffective assistance of counsel.

## II

### *Probation Supervision Costs*

Relying on section 1203.1b, defendant argues the trial court erred in ordering her to pay probation supervision costs because there is no evidence she was informed of her right to a court hearing and judicial determination of her ability to pay such costs, no evidence she waived these rights, and no evidence the court made a finding she had an ability to pay the costs. Defendant also contends there is insufficient evidence to support a finding she had the ability to pay the costs. We are not persuaded.

### *Right to Hearing and Finding of Ability to Pay*

Section 1203.1b specifically authorizes the recoupment of certain costs incurred for probation, including probation supervision. The statute "requires determinations of amount and ability to pay, first by the probation officer, and, unless the defendant makes a 'knowing and intelligent waiver' after notice of the right from the probation officer, a separate evidentiary hearing and determination of those questions by the court." (*People*

8

*v. Valtakis* (2003) 105 Cal.App.4th 1066, 1070, fn. omitted (*Valtakis*); § 1203.1b, subds. (a) & (b).)

Defendant was on notice of the possible imposition of probation fees and costs based on the probation officer's report. The court invited and heard argument on the sentence considering the probation report. Defendant did not object to the probation officer's recommendation, or to the court's order imposing the probation supervision fees. However, the record does not reflect that defendant was informed of her right to a hearing in which the trial court shall make a determination of defendant's ability to pay and the payment amount.

Generally, only those claims properly raised and preserved by the parties are reviewable on appeal. There is a narrow exception for claims involving unauthorized sentences. (*People v. Scott* (1994) 9 Cal.4th 331, 354 (*Scott*).) A sentence is unauthorized if it could not be imposed under any circumstance in the particular case. (*Ibid.*) In sum, "claims deemed [forfeited] on appeal involve sentences which, though otherwise permitted by law, were imposed in a procedurally or factually flawed manner." (*Scott, supra,* 9 Cal.4th at p. 354; see *Valtakis*, *supra*, 105 Cal.App.4th at p. 1072.)

On appeal, defendant claims the probation fees were imposed either in a procedurally flawed manner for absence of notice, a hearing, or a finding or in a tactically flawed manner because of an absence of evidence that the defendant had the ability to pay. However, the probation fees at issue are otherwise permitted by law. Thus, the unauthorized-sentence exception does not apply to save defendant from her failure to object at trial. (*Valtakis, supra,* 105 Cal.App.4th at p. 1072.) Consistent with the general forfeiture rules of *People v. Welch, supra,* 5 Cal.4th 228 and *Scott, supra,* 9 Cal.4th 331, defendant's failure to object at sentencing to noncompliance with the procedural requirements of section 1203.1b forfeits her claims on appeal. (*Valtakis*, *supra*, 105 Cal.App.4th at pp. 1068, 1071-1076.)

9

### *Sufficiency of Evidence*

A trial court's finding of an ability to pay may be implied, and will be upheld on appeal if it is supported by substantial evidence. (*People v. Phillips* (1994) 25 Cal.App.4th 62, 70–71; *People v. Nilsen* (1988) 199 Cal.App.3d 344, 347; *People v. Kozden* (1974) 36 Cal.App.3d 918, 920–921.) Under section 1203.1b, subdivision (e), "[t]he term 'ability to pay' means the overall capability of the defendant to reimburse the costs, or a portion of the costs [of] probation supervision." In making this determination, the trial court is to consider, among other things, the defendant's present financial position, reasonably discernible financial position over the subsequent year, including the likelihood the defendant will obtain employment within that one-year period and "any other factor or factors that may bear upon the defendant's financial capability to reimburse the county for the costs." (§ 1203.1b, subd. (e)(1-4).)

Defendant claims "the little evidence in the record of [her] financial situation fails to support" an order to pay probation supervision fees. Contrary to defendant's claim, the record supports a finding of ability to pay. Defendant relies largely on the fact she was not employed at the time of the hearing. But, a finding of ability to pay under this statute "does not necessarily require existing employment or cash on hand." (See *People v. Staley* (1992) 10 Cal.App.4th 782, 785.) Defendant was financially supported by her husband's disability income. While fixed, there was no indication this income was inadequate. Defendant had the equivalent of a high school diploma and had been employed as an assistant manager at a fast food restaurant. Thus, she had marketable skills. Although she had sustained an injury, there was no indication in the record that this injury prevented defendant from seeking or obtaining employment. Based on this record, there is sufficient evidence to support a finding defendant had the ability to pay the probation supervision costs.

DISPOSITION

The judgment is affirmed.

                                         HOCH      , J.

We concur:

       RAYE       , P. J.

       MURRAY    , J.